## NEW-YORK COMMON PLEAS.

### Lambert agt. Snow.

Where an order of *arrest* was obtained against the defendant for money received in a fiduciary capacity, and subsequently the complaint was served, which contained, in addition to the cause of action on which the arrest was founded, a cause of action on contract for which the defendant could not be arrested, although the two causes of action might be joined in the same complaint—

*Held*, that the order of arrest could not be sustained. The Code does not contemplate or embrace distinct causes of action, for *only one* of which a defendant can be arrested. When the plaintiff unites two such causes of action, he waives the order of arrest.

*It seems*, that where there are two claims against the defendant arising on con-
tract, and one of which has arisen in a fiduciary capacity, it would be a good
reason for bringing *separate actions*.

*New York General Term, August,* 1859.
*Present,* DALY, BRADY *and* HILTON, *Justices.*
MOTION to discharge an order of arrest.

———— *for motion.*
———— *opposed.*

By the court—BRADY, Judge.   The plaintiff, on an affida-
vit alleging that he had consigned to the defendant a quantity
of engravings of the value of $396.47, to be sold by the latter
as his agent, and that the proceeds of such sale to said value
should be returned to the said plaintiff, the said defendant pay-
ing the expenses in making said sales—that the defendant had
sold and disposed of the said goods, and had refused after de-
mand to pay such proceeds—obtained an order of arrest.   The
defendant, on affidavits prepared by him, obtained an order
to show cause why the order of arrest should not be discharged.
The motion to discharge was denied, and the defendant
appealed to the general term.   Pending that appeal, a copy
of the complaint was served, and the defendant having ob-
tained leave thereto, again moved to discharge the order of
arrest, on the ground that the plaintiff had united in his com-
plaint the cause of action on which the order of arrest was
obtained and a demand arising on contract, for which the
defendant could not be arrested under the provisions of sec-
tion 179 of the Code.   The cause of action so united is pre-
dicated on a copartnership theretofore existing between plain-
tiff and defendant, a dissolution thereof, and an accounting,
upon which it appeared that the defendant was indebted to
the plaintiff $1,050, and which he promised to pay.   The sec-
ond motion to discharge the arrest was denied, and the de-
fendant appealed.   Both causes of action arise upon contract,
and may be united, whether they grow out of the same trans-
action or not (§ 167, *sub.* 2).   The right to arrest (§ 179) is

a provisional remedy, which may or may not be resorted to, and which is granted in addition to the right to recover, by judgment, the claim asserted. The provisions of the Code show clearly that the order to hold to bail was intended to be independent of the pleadings, and in some cases may rest upon facts totally distinct from the cause of action (*Corwin* agt. *Freeland*, 2 *Sel.* 563), but I think it equally clear that when an order of arrest is obtained, it must relate to the whole case presented, and not to a part of it. If the order is applied for in an action to recover moneys which were received in a fiduciary capacity, the plaintiff is entitled to an order of arrest, on making proof of that fact; but if the action be for any other claim in addition thereto, then there is no provision for granting an order (§ 179). The order may be made where it shall appear that " the case is one of those mentioned in section 179" (§ 181). The defendant may give bail to the effect that he shall at all times render himself amenable to the process of the court, during the pendency of the action, and to such as may be issued, to enforce the judgment therein (§ 187). These sections do not contemplate or embrace distinct causes of action, for only one of which a defendant can be arrested. The bail would assume the duty of having their principal in readiness, as well for a cause of action for which he could not be arrested, as well as one for which he could be and was arrested. The complaint embracing causes of the same class or character, the judgment would be single, not double. There would not be a judgment for the amount of the claim for which the arrest was ordered, and another for the claim distinctly averred as a separate cause of action. The judgment would necessarily be, if the plaintiff succeeded in establishing both claims, for the united amounts of each. Having arrived at this conclusion, there seems to be no doubt that the order of arrest should have been discharged on the second application therefor; not upon the ground that the order was improperly held on the facts originally appearing, but upon the ground that the plaintiff, by uniting causes of action, to both of which the provisional remedy did not extend, waived the order of arrest. It may

be said that the better practice would be, to move a discharge of the execution, if issued against the person, but there does not seem to be any good reason why the responsibility of the bail should be continued beyond the time when the plaintiff has, by his own act, absolved them. I have not been successful in finding any case in which this question has been considered, and it must necessarily be decided without reference to any authority other than a construction of the provisions of the Code referred to. For the reasons assigned, I think the order at special term should be reversed, with $10 costs of the appeal.

In reference to the appeal from the order denying the first motion to discharge the order of arrest, it is only necessary to say, that the order of arrest having been in effect discharged by the decision of the second appeal, that appeal will be dismissed without costs.

Ordered accordingly.

HILTON, Judge. On reflection, I am inclined to the belief that the order made by me at special term was erroneous, and should be reversed, for the reasons assigned by Judge BRADY.

Where a party has two claims against another, arising on contract, and one of which has been incurred, or has arisen in a fiduciary capacity, it would be a good reason for bringing separate actions, and in that way avoid the difficulty which this case presents.