McGovern *v.* Payn.

irregular and void. In such a case I suppose this act may be resorted to for relief against any assessment so imposed, on the ground of irregularity in ordering the work to be done; but a mere irregularity in such previous proceeding cannot be resorted to, when the subsequent proceedings are free from any other objection.

If the petitioner desires to be heard on the question whether the resolution to change the grade is absolutely void, he can give a notice therefor. If no notice is given, the application is denied.

[New York Special Term, November 7, 1859. *Ingraham,* Justice.]

———————•◦•———————

McGovern *vs.* Payn.

<div style="float:right">32b    83<br>38 Mis⁵189</div>

An action—the leading object of which is to recover damages for the injuries and losses the plaintiff has sustained by the fraud of the defendant, which fraud consists in the defendant's falsely and fraudulently pretending to have been the owner of land in Iowa, which he induced the plaintiff to take in exchange for a lot of land in C. in this state, worth $2000, whereby he lost that amount of money; and also the further sum of $300 expenses incurred in removing himself and family to Iowa on a fruitless journey to take possession of that land, and in returning to C.; and the further sum of $500 for losses, sufferings and hardships consequent upon such journey, and for sacrificing a remunerative employment at home—is not an action upon *contract,* but is a special action on the case, to recover damages for a fraud.

Such a case is not within the 4th subdivision of section 179 of the code, inasmuch as it cannot be said to be a suit to enforce a liability for a *debt* fraudulently contracted, or an *obligation* fraudulently incurred. Consequently the defendant cannot be arrested and held to bail, in an action of that nature.

That section of the code obviously contemplates that the debt or obligation shall be of that character that a suit might be brought on it, even if unaccompanied by fraud in contracting or incurring it, although in the latter case an order of arrest could not be obtained. In other words, that fraud is not the gist of the cause of action, though it is of the order of arrest. *Per* Hogeboom, J.

The case of *Crandall* v. *Bryan,* (15 *How. Pr. Rep.* 48,) disapproved.

Where an order of arrest covers causes of action for which the defendant is not liable to arrest, it should be vacated and set aside.

McGovern *v.* Payn.

Counts in a complaint, of a character not such as to justify an order of arrest, will, if coupled with a count under which an order can properly be obtained, necessarily vitiate an order of arrest granted upon the whole complaint.

APPEAL from an order made at a special term denying a motion to vacate an order of arrest. The order of arrest was originally granted upon the ground that the defendant had fraudulently contracted the debt or incurred the obligation for which the action was brought. The motion to vacate the same was upon the ground that the fraud was not, on the whole case, established, and did not in fact exist. The motion was heard at the Albany special term in May, 1859, before Justice HOGEBOOM, who denied the same upon the merits, and intimated that some of the causes of action set forth in the complaint were not such as to justify an order of arrest. But he retained the order upon the ground that the first count in the complaint might be regarded as a cause of action upon contract. From this order the defendant appealed to the general term. The other material facts are stated in the opinion of the court.

*H. N. Wright,* for the appellant.

*Theo. Miller,* for the respondent.

*By the Court,* HOGEBOOM, J. There is some difficulty in determining, from the complaint, what is the precise character of the causes of action therein set forth—a question nevertheless of considerable importance in determining the validity of the order of arrest.

The leading object of the suit seems to be to recover damages for the injuries and losses the plaintiff has sustained by the fraud of the defendant. This fraud, as alleged, consists in the defendant's falsely and fraudulently pretending to have been the owner of a tract of land in Iowa, which he induced the plaintiff to take in exchange for a lot of land in the town

of Chatham, in the county of Columbia, worth two thousand dollars, whereby he lost that amount of money ; and also the further sum of three hundred dollars, expenses incurred in removing himself and family to Iowa on a fruitless journey to take possession of that land, and in returning to Chatham ; and also the further sum of five hundred dollars for time spent, hardships endured, injuries caused, diseases contracted, medical expenses incurred, and loss of employment sustained by removing to Iowa, and by surrendering, and on his return being unable to regain, the situation of night watchman on the Western Rail Road, which he held at Chatham before removing to Iowa. These three several sums the plaintiff, according to his demand of judgment, seeks to recover in this action, and the facts supposed to justify such recovery are set forth in three separate counts or divisions of the complaint.

The first count alleges, though with unnecessary prolixity and excessive repetition, that on the 30th day of January, 1858, the plaintiff was the owner of certain premises in Chatham (describing the same) of the value of $2000 ; that the defendant, intending to deceive and defraud the plaintiff, falsely and fraudulently represented to him, and induced him to believe, that he was the owner of two hundred acres of land in Iowa, (describing the same,) of the value of $2000 ; that with like purpose to defraud the plaintiff, he proposed an exchange of said parcels of land, the one for the other ; that the plaintiff, confiding in such representations and deceived thereby, agreed to make the exchange ; that thereupon it was mutually agreed that conveyances should be made therefor from the one party to the other, respectively—which was accordingly done—the one conveyance being the consideration of the other, although the consideration expressed therein is the sum of $2000 ; that the defendant, at the time aforesaid, was not in fact the owner of said lands in Iowa, and had no title thereto, all of which he well knew ; whereby the defendant cheated and defrauded the plaintiff out of his said lands at Chatham, which were, on said 30th day of January, 1858, of the value

of $2000 ; *and which said sum of $2000 the said plaintiff, by reason of the premises above set forth, claims and demands of the defendant, with interest from the said 30th day of January,* 1858.

The second count alleges that the plaintiff, after receiving the defendant's deed of the Iowa lands, and in full confidence that he thereby became the owner thereof, removed himself and his family, and a large quantity of personal property, to the state of Iowa for the purpose of occupying and cultivating said lands as a farm and homestead for himself and family ; that he found the said lands, but then for the first time ascertained that the defendant was not the owner thereof and had never had any title thereto ; that the plaintiff, in removing himself and his family and personal property to Iowa, and in returning therefrom to Chatham, necessarily expended the sum of $300 ; and he claims and demands of the defendant the said sum of $300, and interest thereon from the 16th day of June, 1858, being the day of his arrival at Chatham on his return from Iowa.

The third count claims and demands of the defendant the further sum of $500 for the time of the plaintiff and family in making said journey to Iowa for the purpose aforesaid, and for the hardships necessarily by them thereby endured, and for the injury caused thereby to himself and family, and the diseases thereby contracted by them, and the expenses and charges for medicine and medical attendance necessarily thereby incurred ; and for the loss of employment sustained by the plaintiff in removing from Chatham to Iowa, he having been just previously engaged by the Western Rail Road as a night watchman, at the rate of $20 per month, which employment the plaintiff relinquished for the purpose of such removal to Iowa, and has not since been able to regain his former situation, or to procure much employment in any capacity.   " And the said plaintiff alleges (so this count closes) that by reason of the premises last aforesaid, he has sustained damages to the amount of five hundred dollars, or thereabouts."

McGovern *v.* Payn.

There seems very little doubt that the pleader who framed this complaint intended by it a special action on the case, seeking to recover damages for a fraud perpetrated by the defendant upon the plaintiff. The charges of fraud are reiterated over and over again in the course of the complaint. There is nothing in it that looks like an action upon contract, either express or implied, except the conclusion of the first count, which claims to recover $2000 and interest, being the alleged value of the plaintiff's land, of which land he claims to have been defrauded by the act of the defendant. Upon the theory that this was an action upon contract, all these allegations of fraud were out of place, as not material to the plaintiff's recovery, and would, I think, have been struck out as irrelevant and redundant, (*Humphrey* v. *Brown,* 17 *How. Pr. Rep.* 485,) even though there had been an intention to procure an order of arrest ; for where the right to the order depends upon facts extrinsic to the cause of action, and which are not identical with or inherent in the cause of action itself, they should not be incorporated in the complaint, but be stated in the affidavits or other papers relied upon to justify an order of arrest. I am inclined, therefore, to think that, after all, the first count wears more the semblance of a count in tort to recover damages for a fraud, than a count on contract, to recover the value of land, conveyed to the defendant upon a consideration which has wholly failed.

The second count is still less like a cause of action upon contract. Adopting for its foundation most of the allegations contained in the first count, it seeks to recover the expenses of the journey to Iowa, not because the defendant has promised to pay them, not because they are damages necessarily or naturally flowing from a breach of contract express or implied, but because they are damages sustained in consequence of the fraud perpetrated by the defendant upon the plaintiff. I cannot therefore regard this count as sounding in contract.

The third count wears still less such an appearance. It seeks to recover damages of different kinds resulting from the

fraud of the defendant—from his fraudulent representations of his ownership and title to lands in Iowa, by which the plaintiff was induced to take a title thereto, to make a journey to Iowa, to spend the time necessary for that purpose, to encounter hardships, contract diseases, incur medical expenses, and sacrifice a remunerative employment at home, resulting altogether in damages to a large amount. These are not the damages ordinarily resulting from a breach of contract; and there is no contract set forth in the complaint as the foundation or origin thereof.

If we should therefore conclude that the first count was upon contract, it is connected in the same complaint with two other counts sounding in tort. We must therefore examine, first, whether the last two counts, assuming them to be in tort, are of a character which, under the code, justify an order of arrest; and if not, whether they do not, though coupled with a count under which an order of arrest could have been properly obtained, necessarily vitiate an order granted upon the whole complaint, and not upon the first count alone.

Prior to the non-imprisonment act of 1831, the general if not universal rule was that parties were liable to imprisonment in civil actions. (*King* v. *Kirby,* 28 *Barb.* 52.) After the passage of that act, such may perhaps have still been regarded as the general rule in actions for torts, though the contrary one applied to contracts. But since the code the liability to arrest depends exclusively upon its provisions and the provisions of the act of 1831. The general rule must be regarded as being that a party is not subject to imprisonment in a civil action, and the plaintiff seeking to imprison his adversary, must either in his complaint or in the papers upon which an order of arrest is applied for, show himself expressly within the provisions of the law. All these, except those relating to imprisonment for contempts and imprisonment under the act of 1831, are contained in section 179. They by no means embrace *all cases* of torts or wrongs. The present case, if coming within the section at all, is embraced under the 4th

McGovern *v.* Payn.

subdivision, which is as follows : " Where the defendant has been guilty of a fraud, in contracting the debt or incurring the obligation, for which the action is brought, or in concealing or disposing of the property, for the taking, detention or conversion of which the action is brought." The latter clause has obviously no application to the present case ; and the question therefore is, whether this can be said to be a suit to enforce a liability for a debt contracted, or an obligation incurred. I am unable to regard it in that light. The fraud or the damages arising from it is not the debt or obligation " for which the action is brought." The word *debt* obviously implies a liability arising upon contract ; and the word " obligation," in this connection, has, I think, the same meaning. They both import a contract liability. Debt implies a fixed and absolute liability—a sum actually owing from one party to another. Obligation will include an inchoate and conditional liability whose fixed character is to be determined by subsequent events. The section obviously contemplates that the debt or obligation is of that character that a suit might be brought on it, even if unaccompanied by fraud in contracting or incurring it ; although in the latter case an order of arrest could not be obtained. In other words, that fraud is not the gist of the cause of action, though it is of the order of arrest. This construction is fortified by a reference to the 4th subdivision of the 4th section of the act to abolish imprisonment for debt, (*Laws of* 1831, *chap*. 300,) of which it is almost a literal transcript, and from which it was undoubtedly borrowed. That, and the preceding sections of the non-imprisonment act, relate exclusively to actions for the enforcement of *contracts ;* the law as to imprisonment for *torts* being left unchanged. I cannot, therefore, agree to the construction which has been put upon this section by Mr. Justice Smith of the 7th district, in *Crandall* v. *Bryan,* 15 *How. Pr. Rep.* 48.) I think it unwarranted by the phraseology of the act, and the fair and natural interpretation of the terms employed, and also by the source from which it is evidently drawn. The decision

in *Crandall* v. *Bryan* is said to have been affirmed at a general term in the 7th district; but we have no authoritative report of the grounds upon which such affirmance was based. And although always disposed to regard with deference, and generally with absolute authority, the general term decisions of a co-ordinate branch of this court, I feel that the circumstances of this case, the want of knowledge of the precise views of the court, the novelty of the question, and the strength of my own impressions in a contrary direction, justify me in making this case an exception to the rule. I must therefore regard the 2d and 3d counts, at least, as not justifying an order of arrest. Since preparing this opinion I have met with the case of *Smith* v. *Corbiere*, (3 *Bosw.* 634,) which was decided in accordance with the views herein expressed, and the order of arrest originally granted therein was set aside with costs.

The order of arrest is presumed to have been founded upon the whole complaint—upon each and all the causes of action therein set forth. No discrimination is made between them, and probably none can be made, in the practical enforcement of the order. It is to be granted in certain actions, and only in certain actions; and I think only in actions possessing or accompanied by the insignia of fraud mentioned in the act. There is to be but one judgment and one execution; that is, only one kind of execution, so far as the amount of the debt is concerned. The judgment is homogeneous, and I know of no principle which would justify a practitioner in separating parts of a judgment and simultaneously issuing an execution against property for one part, and an execution against the person, for another. The verdict and judgment would not discriminate how much of it was composed of, or founded upon, one cause of action. and how much of or upon another. The undertaking which the defendant may give, to discharge himself from arrest, requires him to render himself amenable to the *process* of the court during the pendency of the action, and to such as may be issued to enforce the *judgment* there-

in, (*Code,* § 187,) and, as before stated, this process does not discriminate between different causes of action set forth in the complaint.

The order of arrest, therefore, in this case, covered causes of action for which the defendant was not liable to arrest, and for that reason should, I think, be vacated and set aside. It was not warranted by law. It was imprisoning the defendant for an unlawful cause. It would result in imprisoning his person on final process, and refusing his discharge, except upon condition of paying a demand, for which the law did not authorize his detention. And I think it clear that, for these reasons, the order cannot be upheld. The question has also been substantially decided. (*Brown* v. *Treat,* 1 *Hill,* 225. *Suydam* v. *Smith,* 7 *id.* 182. *Miller* v. *Scherder,* 2 *Comst.* 262. *Lambert* v. *Snow,* 17 *How.* 517.) In *Suydam* v. *Smith,* the court, referring to the case of *Brown* v. *Treat,* say, (*p.* 185,) "The plaintiff had recovered upon all of the counts ; and it was enough to say that where the bailor sues upon the contract—although there may be a misjoinder of other counts— the bailee cannot be imprisoned on the judgment. It was on that ground that the defendant was discharged from the arrest." In *Miller* v. *Scherder,* (2 *Comst.* 267, 268,) the court of appeals say, "We do not intend to question the rule laid down in *Brown* v. *Treat,* (1 *Hill,* 225,) as limited and explained by Mr. Justice Bronson, in *Suydam* v. *Smith,* (7 *Hill,* 182,) that where counts on contract and in tort are joined in the same declaration, and a general verdict and judgment are rendered thereon, the plaintiff cannot enforce such judgment by imprisonment of the defendant. In a case thus situated, the plaintiff having elected to join a non-imprisonment cause of action with one of a different character, shall be deemed to have elected to take his remedy against property alone ; because the law will not allow him to prejudice the rights of the defendant by mingling his damages."

The result is, that the order of the special term must be reversed, the order of arrest vacated, and the defendant dis-

charged from imprisonment. The defendant should also have $10 costs on this appeal. But as a condition of granting this order, the defendant should stipulate not to bring an action for false imprisonment.

[ALBANY GENERAL TERM, December 5, 1859. *Wright, Gould* and *Hoge-boom,* Justices.]