# Law and Equity

IN THE

# SUPREME COURT

OF THE

## STATE OF NEW YORK.

---

### HICKOX *vs.* FAY, Sheriff, &c.

An execution issued upon a judgment recovered on a note, a portion only of the consideration of which consists of a demand for the purchase money of articles exempt from levy and sale under execution, cannot legally be levied upon such of the debtor's property as is exempted from levy and sale under execution by the provisions of chapter 157 of the laws of 1842, and so much of such property sold by virtue thereof as shall be necessary to satisfy so much of the judgment as shall be equal to such portion of the consideration of the note.

The statute does not give a general right to the vendor of any articles of the class of exempt property, to take any other of that species of property for his debt. His right is in the nature of a particular lien on specific property, and does not extend to any other property except the precise property sold.

ACTION against the defendant as sheriff of Steuben county, to recover possession of a quantity of tools, upon the ground that they were exempt from levy, &c. The plaintiff was a householder, having a family, &c. and was a daguer-

rean artist, and the tools were necessary in that business. The defendant justified the taking of the property, under and by virtue of an execution issued upon a judgment against Hickox, recovered by William D. Shuart, for $138.91, which judgment had been assigned to Richard B. Appleby. The judgment was recovered on a bill of exchange drawn by R. B. Appleby upon the plaintiff and accepted by him, for $122, on account of a debt, a portion only ($86) of which was for the purchase price of a tool, (not mentioned in the complaint,) and the balance for the purchase price of property not exempt, &c. The articles of property, to recover which the action was brought, were rendered exempt, &c. by the statute of 1842. (*Laws of* 1842, *ch.* 157.) The court charged the jury that the defendant had the right to levy the execution upon any property rendered exempt, &c. by the statute of 1842, and sell sufficient thereof to satisfy a portion of the judgment equal to the amount of that portion of the debt included in it, which was created by sale and purchase of property exempt, &c. The plaintiff excepted to this ruling. The following stipulation, signed by the attorneys for the respective parties, presents the only question in the case:

"It is understood and stipulated that the question, and the only question, presented or raised by the first and second exceptions to the charge of the court to the jury as made, is whether an execution issued upon a judgment recovered upon a note, a portion only of the consideration of which consists of a demand for the purchase money of articles exempt from levy and sale under execution, can legally, against the will of the judgment debtor, be levied upon such of his property as is exempted from levy and sale under execution merely by the provisions of chapter 157 of laws of 1842, and so much of such property sold by virtue thereof as shall be necessary to satisfy so much of the amount of said judgment as shall be equal to such portion of the consideration of such note. If it cannot legally be so levied, and such property legally

so sold, then the said two exceptions are well taken, otherwise not."

The defendant had a verdict. And the case came before the general term on the exceptions, in the first instance, before judgment.

*Geo. B. Bradley,* for the plaintiff. I. The court erred in this charge to the jury, and the exceptions thereto were well taken. (1.) The judgment upon which the execution issued is entire—not severable by the creditor for any purpose—and the execution cannot be deemed to have been "issued on a demand for the purchase money of such tool," within the meaning of the statute. (*Laws of* 1842, *ch.* 157, § 1.) That can be so only where the creditor would have the right to satisfy the entire execution by sale of property exempt, &c. And it will not be pretended that making a debt, created by sale of exempt property, a part only of the subject of an action and judgment, would give to the entire judgment the remedial character of such part thereof. That would render the statute useless. (2.) The proceeds of sales of property of any kind by the sheriff would be applied upon the judgment generally. The judgment debtor could not compel a special application upon any particular part of it, nor is there any legal recognition of any several part or character of the judgment. The payment of any portion of the judgment could not have any but a general application on the judgment, and could not thereby restrict the levy of execution, so far as respects the character of the property. The sale on execution of exempt property, sufficient to satisfy such portion or amount of the judgment, would not prevent a subsequent sale of property of like character on an execution issued on the same judgment. An action to test the right of the sheriff to make the second levy and sale, could not involve the determination of the character of the property sold upon the prior execution, or the circumstances under which the first sale was made. It follows that to sustain the ruling at the cir-

cuit, it must, in effect, be held that by including as part of the amount of a judgment a debt for the purchase money of exempt property, the creditor may acquire a greater remedial right in respect to the balance of the debt included in the judgment than he otherwise could have. (3.) The creditor, in all cases, has the power to preserve distinctly and separately any debt created by sale of exempt property. And by uniting a debt thus created with a debt of a different character, for purposes of recovery, the creditor must be deemed to have waived or deprived himself of the right, in respect to the enforcement of the judgment, reserved by the proviso in the statute referred to. (*Lambert* v. *Snow*, 17 *How*. 517.) (4.) The creditor in this case having elected to unite these debts of such different remedial characters in the recovery of judgment, the execution issued thereon did not fall within the provisions of that statute. The judgment is an entirety, for all purposes, and the creditor or sheriff in enforcing it by execution cannot resort to a kind of property to satisfy a portion of it that he would not be at liberty to reach to satisfy the whole thereof. (5.) The question involved is analogous to the case of a union of claims or causes of action, as to a part only of which the debtor may be arrested if it were alone the cause of action. (*Code*, § 179.) By such union of causes of action the creditor deprives himself of the right of arrest of the debtor before, and of execution against his person after judgment. (*McGovern* v. *Payn*, 32 *Barb*. 83. *Lambert* v. *Snow*, 17 *How*. 517. *Miller* v. *Scherder*, 2 *Comst*. 262, 267, 8. *Brown* v. *Treat*, 1 *Hill*, 225. *Suydam* v. *Smith*, 7 *id*. 182.) (6.) If the creditor by a union of debts in his judgment has limited his means of enforcing collection of any portion of it, such restriction is but the result of his own folly.

*John Maynard*, for the defendant.

*By the Court*, E. DARWIN SMITH, J. The charge of the judge that "if the jury found that any part of the debt upon

Hickox *v.* Fay.

which the judgment was recovered, to collect which the execution was issued, was for the purchase price of property which was exempt from levy and sale on execution, then the sheriff was authorized by virtue of such execution to levy upon any of the property enumerated in, and rendered exempt from, levy and sale on execution by the act entitled 'An act to extend the exemption of household furniture and working tools from distress for rent and sale on execution,' passed April 11th, 1842, and sell sufficient of such property to satisfy such part of such debt so included in the said judgment," I think erroneous, and the exception of the defendant's counsel thereto well taken. The judgment was for $138.91, and it is not pretended that it was recovered on a demand for the purchase money of any of the property levied on by the defendant, except a camera stand, valued at $20. The theory of the charge is, that if any part of the judgment was recovered for the purchase price of household furniture and other articles exempt from levy and sale on execution under the said act, the sheriff might levy upon any other exempt articles to the amount of the purchase price of such articles included in said judgment. This, I think, involves a radical misconception or misconstruction of the statute. The terms of the statute are explicit. After giving the exemption of household furniture, working tools and team owned by any person being a householder, &c. to the value of $150, it provides that "such exemption shall not extend to any execution issued on a demand for the purchase money of *such furniture*, or tools, team, or articles now enumerated by law."

The execution must follow the property sold, as if the plaintiff retained a specific lien thereon for the price. It was designed to prevent frauds in the purchase of the exempt class of property, by giving the vendor a right to retake the same on execution, notwithstanding the exemption of the statute, precisely as though he had taken a chattel mortgage on the same, which he was seeking to enforce. The statute

did not give a general right to the vendor of any of the class of exempt property to take any other of such property for his debt. His right is in the nature of a particular lien on specific property, and does not extend to any other property except the precise property sold. In this particular, the charge was erroneous. It is also erroneous in another view. The plaintiff, I think, had waived his right to follow the property sold by him, though the purchase price therefor was in fact part of the sum for which the judgment was recovered. The judgment was entire, and for part of the amount the plaintiff had no claim to follow any specific property of the judgment debtor, under the provisions of the statute. By taking a judgment for the price of the tools or other exempt property sold to the plaintiff, together with other debts, he must be deemed to have elected to abandon his claim to follow the specific property. The case is in principle within those cases where a right of arrest for a debt fraudulently contracted, or other cause exists, and the creditor unites in one action and recovers judgment for such debt, with other claims in respect to which no such right of arrest and imprisonment on execution exists. In such case it is properly held that the right to arrest and imprisonment is lost by a recovery of a judgment, and the right of arrest at the commencement of the action cannot be exercised or maintained for the amount of the several claims so united in one action. (*Lambert* v. *Snow,* 17 *How. Pr. Rep.* 517. *McGovern* v. *Payn,* 32 *Barb.* 83. *Miller* v. *Scherder,* 2 *Comst.* 262, 267. *Suydam* v. *Smith,* 7 *Hill,* 182.)

The party who seeks a peculiar right or remedy in respect to a particular debt must enforce it by itself, and not unite it with other claims. Any other rule would be highly unjust and oppressive. The judgment in this case is an entire one, and the debtor cannot pay any particular part thereof and save his property otherwise exempt under the statute. If the rule adopted at the circuit was correct, and he might thus, at the election of his creditor, to whom he might owe two

debts, one a small one for fraud, and another large one for some other consideration, lose the benefit of the statute entirely.

A new trial should be granted, with costs to abide the event.

[MONROE GENERAL TERM, September 2, 1861. *Smith, Johnson* and *Knox,* Justices.]