[NEW YORK GENERAL TERM, January 2, 1866. *Ingraham, Clerke* and *Geo. G. Barnard,* justices.]

———•●•———

| 48 | 27 |
|----|----|
| 125a | 162 |
| 48 | 27 |
| 67h | 471 |

## THE ATLANTIC MUTUAL INSURANCE COMPANY *vs.* McLOON.

An action against a common carrier, to recover damages for the loss by negligence of goods entrusted to his care, is not an action arising on *contract,* within the meaning of section 227 of the Code of Procedure, authorizing the issuing of an *attachment* "in an action arising on contract for the recovery of money only."

APPEAL from an order made at a special term vacating and setting aside an attachment.

*By the Court,* LEONARD, P. J. This action is for the recovery of damages for the loss by negligence of goods which the defendant undertook, as a common carrier, to convey from Boston to Hong Kong, China.

The plaintiffs obtained an attachment against the defendant, under section 227 of the Code of Procedure, alleging him to be a non-resident of the state of New York, and that he is indebted to the plaintiffs in the sum of $13,000. The goods so lost are not stated in the affidavit upon which the warrant of attachment was obtained to be of any certain or definite value. It is stated therein only that the merchandise was of great value.

The plaintiffs further states in the affidavit, that the company insured the goods for $13,000, and that the company paid the amount insured, and received an assignment and abandonment of all the interest of the party insured in said goods.

The warrant of attachment was, on motion at special term, heard upon the summons, complaint, warrant, affidavit and undertaking upon which the warrant was issued, vacated and set aside. The plaintiffs now appeal from the said order vacating the attachment to the general term.

The Code, as amended by the act of 1866, § 227, provides for the issue of an attachment, "in an action arising on contract for the recovery of money only, or in an action for the wrongful conversion of personal property."

All actions of a common law nature are for the recovery of money only, but as now limited, the action must also arise on contract. It is not pretended that the defendant has converted the goods, and we may dismiss all consideration of the question under the second branch of the subject referred to. No debt arises from the negligent loss of goods by a common carrier. He is not an insurer of the safe delivery of

Atlantic Mutual Insurance Co. *v.* McLoon.

goods, notwithstanding he has contracted safely to carry them from one port to another. He is not required to make a delivery where he has been overtaken by an inevitable accident. He is held liable for loss by negligence, not from any contract against negligence ; but because such a loss arises from a breach of duty imposed by the trust or agency which he has assumed. The loss in this case does not appear to have arisen from any contract, but from the negligence of the defendant in respect to his trust or agency. Neither the plaintiffs, or their assignor, have ever become a creditor of the defendant, in the sense of a debt arising on contract, so far as the facts appear in this case.

While the carrier has the goods safely in his possession, he holds them under a contract, and on demand by the owner, and satisfaction of the carrier's lien, an action would lie upon his contract under an ordinary bill of lading to safely carry and deliver the goods, in case of a refusal by the carrier to make a right delivery. The nature of the action is not the same when it arises from a negligent loss. The negligence is the cause of action, and it is in the nature of a tort, not much less culpable than it is for one carelessly to injure or destroy the property of another.

It seems to me entirely clear that there is no action arising on contract.

The order appealed from should be affirmed, with $10 costs.

[NEW YORK GENERAL TERM, January 2, 1866. *Leonard, Ingraham* and *Clerke,* Justices.]