MARIA LOUISE MASON, EXECUTRIX, &c., v. EDWARD LAMBERT.

AN order of arrest will not be granted on an affidavit made by the plaintiff's testator before his death, entitled in an action he proposed to bring against the present defendant upon the same or similar causes of action set forth in the plaintiff's complaint.

The complaint contained causes of action for damages for a conversion and for false and fraudulent representations. *Held*, that as the evidence was not sufficient to warrant the granting of an order of arrest on the ground of false and fraudulent representations made, it should not be granted on the cause of action for conversion under § 179 of the Code. An order of arrest must relate to all the causes of action set forth in the complaint.

SPECIAL TERM, *April*, 1870.

MOTION to vacate an order of arrest.

The action was brought by the plaintiff as the executrix, &c., of her husband, James Mason, the complaint alleging that the defendant had converted to his own use certain United States bonds belonging to said James Mason, and that the latter had been induced by fraud and misrepresentation to deposit money and enter into a copartnership with the defendant.

Judgment was prayed for that the copartnership agreement be declared void, that defendant surrender the bonds or pay their value, that defendant return all sums of money received from said James Mason, and that damages be awarded for the fraud, &c. An order of arrest was granted upon affidavits, one of which and the most important was an affidavit made by James Mason about three months before his death and entitled in an action, which it appeared, he proposed to bring against the defendant upon grounds similar to those upon which this action was founded.

The defendant moved on affidavits to vacate the order of arrest:

*F. Tillou* and *D. T. Walden*, for the motion.

*Therasson & Bryan*, opposed.

VAN BRUNT, J.—In determining the question as to whether there is sufficient evidence before the court to sustain the order of arrest in this action, I do not see how it is possible to consider the affidavit made by James Mason in his lifetime.

That affidavit was made by James Mason and entitled in an action, which it would appear he proposed to bring against the defendant upon grounds similar to those upon which this action is founded, and although it was made three months before his death no action was ever commenced by him, nor is any reason given why it was thus unaccountably delayed. The charges continued in that affidavit consist of allegations of fraudulent representations made by the defendant to the said Mason to induce Mason at first to deposit moneys with the defendant and thereafter to become a copartner with him. These charges are unsupported except by the affidavit of Mr. Mason, who is now deceased and whose testimony is not therefore available upon the trial of this cause, and should an order of arrest be sustained upon an *ex-parte* statement of a witness, the privilege of cross-examining whom the defendant can never have, and as to the representations upon which it is founded the defendant cannot testify because of the death of Mason. It is true that the plaintiff in this action swears in a general way that she had personal knowledge of *most* of the representations in said affidavit alleged to have been made by the defendant, but she nowhere states which of those representations she heard the defendant make, and which she believes to be true because of statements made to her by her husband. It is impossible for me to determine from such an affidavit when she is averring facts upon her own knowledge, and when upon information and belief. Under these circumstances it seems to me that no additional strength is given to the plaintiff's case by the affidavit of the plaintiff herself. There remains then nothing to support the order of arrest except the affidavit of the bookkeeper who examined the books

of the defendant, and this alone is clearly insufficient to justify me in holding the order of arrest in this case. The whole foundation of this affidavit is derived from that of James Mason, and unless it is construed in connection with the allegations contained in that affidavit and in support of those allegations, it loses all its force and effect.

I have already shown that this affidavit of James Mason should not be considered as an affidavit, it being made in a proposed action different from the one now before the court, and is therefore of no more weight than any written statement, which might have been found among his papers after his death, and for the additional reason that there does not now appear to be any person living who could prove the representations alleged in that affidavit to have been made by the defendant to the said James Mason, which allegations are specifically denied by the defendant.

If the action were to recover damages for the conversion of the United States bonds only, then under section 179 of the code, an order of arrest would issue, as a matter of course, and the court would not try the question upon affidavits, but there has been joined with this cause of action an action for damage by reason of fraudulent representations, and as I have already shown that there is not sufficient legal evidence to support the order of arrest upon this ground, and as the rule has been established that the order of arrest must relate to all the causes of action (*Lambert* v. *Snow*, 2 Hilt., 501; *McGovern* v. *Payne*, 32 Barb., 83), the order in this case must be vacated.

Motion accordingly granted, upon the usual stipulation.