Boardman, J.
The cause of action in the complaint is, to “recover damages for fraud or deceit.” A case of fraud is clearly stated, and damages alleged as the result of such fraud. In the charging part, .no other cause of action is stated; and no other relief than damages in money could be granted upon the facts alleged. The plaintiff does not seek to rescind the contract, but, affirming it, demands damages for fraud. If all the allegations in the complaint were proved on the trial, the plaintiff could not have a decree for a conveyance from the defendant, nor for a satisfaction of the mortgage given by plaintiff to defendant, because the proofs would not make a case for such relief.
Does the “demand of relief to which the plaintiff supposes himself entitled” change the character of the action ? Plaintiff asks for a specific conveyance of land, and for the surrender and satisfaction of a mortgage, *452 as relief; but he states no “facts constituting a cause of action” which would entitle him to such remedies.
The relief demanded is no part of the cause of action ; and when an answer is put in, the demand for relief becomes immaterial (Code of Procedure, § 275; Marquat v. Marquat, 12 N. Y. [2 Kern.], 341; Emery v. Pease, 20 N. Y. 62). We may therefore reject from the demand for relief whatever is inconsistent with the cause of action stated. That leaves a complaint for the recovery of damages for fraud, only. Such, I think, is the plain intent of the pleader. While the cause of action is well stated, he has erred from over caution in the demand of relief, which the cause of action stated, gave.
If these conclusions are correct, the action is clearly within subd. 4 of section 179 of the Code of Procedure, being an “action brought to recover damages for fraud or deceit.”
The case of Smith v. Knapp (30 N. Y., 588), is quite distinct from the one under consideration. Several causes of action, some for torts and some on contract, were stated in the complaint in that case. The court held that all of the causes of action, stated in the complaint, must authorize the order of arrest. See, also, Lambert v. Snow (2 Hilt., 501; 9 Abb. Pr., 92). Ely v. Steigler (9 Abb. Pr. N. S., 35), is much nearer the case before us. It is there held that where the main object of the action is to rescind and cancel a contract on the ground of fraud, damages for the fraud being asked incidentally, an order of arrest cannot be granted.
In the present case, the main object of the action is to recover damages for the fraud. Other relief is demanded in the prayer for judgment, but it does not flow from the facts stated as constituting the cause of action, is inconsistent with them, and is, in fact, immaterial after issue joined.
The cases cited from 32 Barb., 83, 3 Bosw., 634, *453 15 How. Pr., 56, and 1 N. Y. [1 Comst.], 305, were decided under section 179 of the Code as it stood before the amendment of 1863. That amendment has modified the law essentially.
I fear that the spirit of the law would be violated if this order of arrest should be vacated. The motion is therefore denied; but as the question is new, the denial is without costs.