THE UNION CONSOLIDATED MINING COMPANY OF TENNESSEE, Appellant, *v.* JULIUS E. RAHT, CHARLES RAHT and JOHN THOMAS, Respondents.

*Attachment — where complaint contains several causes of action — Code,* § 227.

Under section 227 of the Code, authorizing attachments to be issued in actions arising on contract for the recovery of money only, or in actions for the wrongful conversion of personal property, an attachment cannot issue in an action in which the complaint sets forth several causes of action, some of which belong to neither of the two classes therein described.

Appeal from an order made at Special Term vacating an attachment, in an action in which the complaint contained several causes of action, only one of which justified the issuing of an attachment.

*Simon Stern*, for the appellants.

*Will. Man*, for the respondents.

Davis, P. J. :

The court at Special Term vacated the attachment because several of the causes of action stated in the complaint are causes for which a warrant of attachment cannot issue under the Code. If the Special Term was right in this conclusion, it is unnecessary

to examine any of the other questions raised on the appeal. The amended complaint contains several causes of action, the most material, and all but one of which, are for the alleged misconduct and fraud of the defendant Julius E. Raht, in the management of the affairs of the plaintiffs as their agent, and for the conspiracy of the other defendants with him in the several alleged wrongs. The other cause of action is for the conversion by the defendant Julius E. Raht of certain personal property of the plaintiffs.

The two hundred and twenty-seventh section of the Code authorizes the issuing of an attachment in actions arising on contract for the recovery of money only, and in actions for the wrongful conversion of· personal property. This process is given by the Code in no other actions. (*Knapp* v. *Meigs*, 11 Abbott [N. S.], 405; *Scott* v. *Simmons*, 34 How., 66; *Lawton* v. *Kiel*, 51 Barb., 30; *Atlantic Mutual Insurance Company* v. *McLoon*, 48 Barb., 27.) It seems therefore quite clear that the plaintiffs were not entitled to an attachment for the cause of action stated in their original complaint. For the purpose of meeting this objection, they subsequently amended the complaint by inserting, before the hearing of the motion, the alleged cause of action for the conversion of personal property. Did the action thereby become one for the wrongful conversion of personal property, within the meaning of section 227 of the Code? We think not. It still remained an action for the recovery of a large sum of money for the alleged frauds and conspiracies of the several defendants, and the addition of the alleged cause of action for the conversion of the personal property, only changed it into an action for all of the alleged causes. The Code gives an attachment only where the action is distinctly of one of the classes described in the two hundred and twenty-seventh section; and not where these actions are united with several other and different classes. The phrase, "an action for the wrongful conversion of personal property," is a well understood descriptive one, meaning a suit the object of which is to redress the particular wrong embraced in the description. But when several other causes of action for different torts are joined, as they may be, with the one for wrongful conversion of personal property, the action ceases to be one within the descriptive phrase, and becomes an action for the several purposes and causes specified in the complaint;

and to such an action no attachment is given by the Code. This view is greatly strengthened by the subsequent sections of the Code. Section 231, which prescribes the form of the warrant of attach ment, directs that it shall require the sheriff " to attach and safely keep all the property of said defendant within his county, or so much thereof, as may be sufficient to satisfy the plaintiff's demand, together with his costs and expenses, the amount of which must be stated in conformity with the complaint." Section 232 requires the sheriff to keep the property seized by him, or the proceeds thereof, " to answer any judgment which may be obtained in such action." Section 237 directs that "in case judgment be entered for the plain tiff in such action, the sheriff shall satisfy the same out of the property attached by him if it shall be sufficient for that purpose;" and provides that when the judgment and all costs of the proceed ings shall have been paid, the sheriff, upon reasonable demand, shall deliver over to the defendant the residue of the attached property or the proceeds thereof." And section 241 which relates to the discharge of the attachment on application of the defendant by giving sufficient sureties, requires an undertaking to the effect that " the sureties will, on demand, pay to the plaintiff the amount of the judgment that may be recovered against the defendant in the action, not exceeding the sum specified in the undertaking, which shall be at least double the amount claimed by the plaintiff in his com plaint;" or if the property be less than the amount claimed, then double the amount of the appraised value of the property.

All these several provisions clearly indicate that the intention was to limit the right to an attachment, to the causes of action par ticularly specified in the two hundred and twenty-seventh section, and not to extend it to an action for a number of causes, of which the specific cause may be one. If an attachment is allowable where several causes of action are united, the defendant's rights might be greatly prejudiced. He cannot regain possession of his property, by executing the undertaking provided by section 241, without making such undertaking cover all the causes of action in the com plaint, and without subjecting his sureties to pay the amount of *any judgment* that may be recovered in the action, whether it be for the attachable cause of action or not ; nor can the attachment be so framed as to require the levy to satisfy the particular attacha-

ble cause of action, for the Code requires that it shall direct the sheriff to attach sufficient to satisfy the plaintiff's demand; and it also requires that the sheriff shall keep the property seized by him, to answer any judgment which may be obtained in such action. And so under section 230 the defendant has no protection in the security required to be given on obtaining the attachment, unless he recover judgment against the plaintiff in respect to all the several causes of action in the complaint. The system of the Code relating to attachments is pervaded throughout, with the idea that the attachment is only to issue where the action is of the character particularly described, and that the right to the attachment shall ultimately be determined by the result of the issue joined in such an action. There is no provision for the trial of a separate cause of action where several torts are united in the same complaint, for one of which an attachment might have been issued if sued for by a separate action. And hence the defendant's property is not subjected to provisional seizure, unless the plaintiff brings his action exclusively for the cause, or several causes, to which the right of attachment is specifically given.

The courts have held in respect to orders of arrest, that the order should not be granted where causes of action in which such order can be made are united with those in which it cannot. (*Lambert v. Snow*, 17 How., 517; *McGovern v. Payn*, 32 Barb., 83.) And the reasoning in those cases is applicable to the one before us. But this case is itself, perhaps, the best illustration of the principle. Here an attachment has been granted for $1,200,000, which is the aggregate demand in several causes of action. One of these causes alleges conversion of personal property of the value of $75,000, and yet, if the attachment can be sustained, it should direct the sheriff to attach property to cover the plaintiff's entire claim, and to hold the same to apply against any judgment that may be recovered in the action, and even if property equal to the whole amount demanded be attached, it does not permit the defendant to regain possession without executing an undertaking to pay either the judgment in the action, or the whole value of the attached property; and that, too, without any right whatever on the part of the defendant separately to try the cause of action for the conversion, and thereby dispose of the right to this provisional remedy. We think

212   PEOPLE ex rel. SMITH v. COMMRS. PUB. CHARITY.

First Department, December Term, 1876.

it is of no importance to the principle involved, that only a comparatively small sum has been in fact attached in this case.

We think the learned justice was right in discharging the attachment, and that the order should be affirmed, with ten dollars costs and the disbursements of the appeal.

Brady and Daniels, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.