WILLIAM H. CATLIN, Respondent, Impleaded with MARIAN G. CATLIN, v. THE ADIRONDACK COMPANY, Appellant.

*Action against a common carrier for loss of baggage — when in tort, and not on contract — Execution against the person, to collect costs from the plaintiff — Code of Civil Procedure, §§ 549, 1487.*

Where, in an action against a common carrier to recover the value of articles taken from a passenger's baggage while in the possession of the carrier, it appears from the complaint that the action is founded, not upon contract, but upon the breach of the carrier's legal duty, the action is in tort and for an injury to property within section 549 of the Code of Civil Procedure, and the defendant corporation, if it recover a judgment for costs therein, may, under subdivision 1 of section 1487 of the said Code, issue an execution against the person of the plaintiff for the collection thereof.

Appeal from an order of the Special Term vacating an execution for costs, issued against the person of the plaintiff. No order of arrest had been issued in the action. The defendant having prevailed, an execution against the plaintiff's person was issued under section 1487, subd. 1 of the Code of Civil Procedure, the defendant claiming that if it had been a natural person "the nature of the action" would have entitled the plaintiff to an execution against the person. As the question depends upon the complaint it is given *in extenso*, as follows:

The plaintiffs in the above entitled action complain of the defendant above-named, and allege:

"That at the several times hereinafter mentioned the defendant was a corporation duly created and existing under the laws of the State of New York, and engaged in carrying goods for hire.

"That on or about the 22d day of November, 1878, the plaintiffs delivered to and left in the possession of the defendant, at the station of Hadley, in Saratoga county, N. Y., three trunks to be conveyed as freight to Rye, Westchester county, N. Y.

"That the defendant undertook and became responsible to the plaintiffs for the due and safe transport of said trunks to their said destination.

"That said trunks were unduly delayed in transportation, to the great annoyance and inconvenience of the plaintiffs, and were

not delivered at their said destination, at Rye, till on or about the 9th day of December, 1872, having thus been about eighteen days in a transportation that should not have occupied more than four or five days at the very most.

"That after said trunks had been received by the plaintiffs at their destination aforesaid, and the charges for their transportation duly paid, it was found that each and every one of said three trunks had been broken open since their delivery to the defendant, and while said defendant was responsible to the plaintiffs for their safety, and numerous articles, of the aggregate value of $400, unlawfully taken therefrom."

Wherefore the plaintiffs demand judgment against the defendant for the sum of $400, with interest from the 9th day of December, 1872, besides the costs of this action.

*A. Pond*, for the appellant. An action on the case against common carriers for property lost through their negligence is an action for tort and not on contract, and is for "an injury to property," within section 179 of the Old Code, and also subdivision 2 of section 549 of the Code of Civil Procedure ; and hence, the execution in question for costs against plaintiff's person was properly issued, notwithstanding an order of arrest had never been granted in the action. (1 Chit. Pl., 138; Temporary Act, Laws 1876, chap. 449, § 2, sub. 9; *Duncan* v. *Katen*, 6 Hun, 1, 2, 3; *Keeler* v. *Clark*, 18 Abb., 154; *Warren* v. *Western Trans. Co.*, 3 Rob., 705; *Suydam* v. *Smith*, 7 Hill, 182; *McDuffie* v. *Beddoe*, 7 id., 578, 582; Angell L. of Car., § 429; *Flynn* v. *Hudson R. R. R. Co.*, 6 How. Pr., 308; *Carroll* v. *Staten Isl. R. R.*, 58 N. Y., 126, 134; *Bank of Orange* v. *Brown*, 3 Wen., 158; affirmed, 9 id., 114; *Coggs* v. *Bernard*, 2 Ld. Ray., 909; *Atlantic Mut. Ins. Co.* v. *Loon*, 48 Bar., 27, 29; *Warner* v. *Western Trans. Co.*, 3 Robt., 705; *Hoffman* v. *Sparling*, 12 Hun, 83.)

*Marshall P. Stafford*, for the respondent.

BARRETT, J. :

The gist of this action is misfeasance, to wit : the breach of the carrier's legal duty. It is grounded in tort. (*Cregin* v. *Brook-*

*lyn Crosstown R. R. Co.*, 75 N. Y., 192.)    Some confusion has crept into the cases, growing out of the old forms of action.    For instance, it was optional under the old system to bring assumpsit or case.    The former was nominally *ex contractu*, the latter *ex delicto*.    But the substance was the same.    True, the pleader might aver an express promise and its breach.

Then the action was *ex contractu* in substance as well as form, for the promise was the gist.

He could also maintain *assumpsit* on the implied promise raised by the duty.    There, however, the duty, not the promise, was the gist.    The promise was inferred from the duty, not the duty from the promise.    The duty was not, in fact, a matter of inference, but was imposed by the custom of the realm, that is, by the common law.

These forms of action being abolished, we must look to the principle upon which the plaintiff bases his claim.    He avers no express promise    No contract of any kind is set up.    He says the defendants " *undertook* and became responsible for the due and safe transport of the trunks," but that is merely a statement of the defendants' common law liability.    (*Coggs* v. *Bernard*, 2 Ld. Raym., 909.)

The word "undertook," in this connection, cannot be said to import a consideration, nor can it fairly be paraphrased into such an expression as "promised or agreed for a reasonable reward." Indeed, this is conceded by the respondent, who repeatedly insists that the action rests upon the common law liability of the carrier. His error lies in the deduction that such liability rests upon contract.

The learned justice at Special Term placed his judgment upon the use of the word "undertook," the fact of the payment of the charges and the failure to allege " the custom of the realm, the loss by conversion," etc.    But it was never either necessary or proper to aver a general custom (1 Chitty Pl., 217), because it is part of the law of the land.

The allegation of conversion was essential, only when there was a count in trover.    The payment of the charges is not averred as a distinctive fact, but incidentally as fixing the period when the plaintiff discovered his loss.    Note the language: " That after

said trunks had been received by the plaintiff at their destination aforesaid, and the charges for their transportation duly paid, it was found," etc.

Upon the whole, we are entirely satisfied that the complaint is founded, not upon contract, but upon the breach of the carrier's legal duty. "A breach of this duty," said DALLAS, Ch. J., in *Bretherton* v. *Wood* (3 Brod. & Bing., 54), " is a breach of the law, and for this breach an action lies founded on the common law, *which action wants not the aid of a contract to support it.*" (See too the remarks of ANDREWS, J., quoting and approving the above, in *Carroll* v. *The Staten Island R. R. Co.*, 58 N. Y., 134 ; also *Bank of Orange* v. *Brown*, 3 Wend., 158 ; *Atlantic Mutual Ins. Co.* v. *McLoon*, 48 Barb., 27 ; *The People* v. *Willett*, 26 id., 81 ; 1 Chitty Pl., 138.)

In *The Atlantic Mutual Ins. Co.* v. *McLoon* (*ubi supra*), the court went so far as to vacate an attachment in such a case, upon the specific ground that it was not an action on contract.

Even if the question were in doubt, the plaintiff under the case of *Miller* v. *Scherder* (2 Comst., 268), would, it seems, have to take the consequences of his ambiguity. "If the plaintiff chooses," said SHANKLAND, J., " to combine in the same action *tort* and breach of contract, and fails in both, he should be held to have conferred upon the defendant the most beneficial remedy for recovery of the costs which either cause of action will confer if it had constituted the sole cause." And again : " If they desire to escape the perils of imprisonment, in case of defeat, they can and should declare upon contract alone, *and without ambiguity*, so that the defendants can have the benefit of the exemption conferred by the statute upon them."

As to the remaining question, we agree with the plaintiffs that there are many torts for which an arrest will not lie. Was the action then for an "injury to property " within section 549 of the New Code ? We think this question must be answered in the affirmative, on the authority of *Duncan* v. *Katen* (6 Hun, 1; affirmed, 64 N. Y., 625). Within this case, the property was the right to have, use and enjoy the thing. Consequently, the entire loss of the thing was an injury to property, viz. : to the right to have, use and enjoy it.

There is nothing in the point that the defendant could not actually be arrested, because it is a corporation. It is the nature of the action, not the incident of the person which governs. Nor is the question affected by the character of the summons. (*Chambers* v. *Lewis*, 11 Abb. P. R., 210.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate denied, with ten dollars costs.

DAVIS, P. J., concurred.

Present, DAVIS, P. J., and BARRETT, J.

Order reversed, with ten dollars costs and disbursements.