# THIRD DEPARTMENT

### AT

# GENERAL TERM

## February, 1893.

67 469
140a 308

ELIZA BABCOCK, as Administratrix, etc., of FRED BEN-
NETT, Deceased, Respondent, v. THE FITCHBURG
RAILROAD COMPANY, Appellant.

*Negligence — escape of sparks from a locomotive — extent of the rule requiring use
of approved appliances.*

The rule of law applicable to cases of an injury caused by the escape of sparks from
a railroad locomotive is that the railroad company is negligent if it does not adopt
the most approved modes of construction and machinery in known use in the
business, and the best precautions in known practical use for securing safety,
and that if there is known and in use any apparatus which, applied to an engine,
will enable it to consume its own sparks and thus prevent the emission of them,
and the consequent ignition of combustible property, that a company is negligent
if it does not avail·itself of such apparatus, but it does not require the company
to use every possible precaution which the highest scientific skill might suggest,
or to adopt an untried machine. Such rule is not confined to the case of persons
having contractual relations with the company, but extends to the case of
strangers and the general public whose property or persons may be injured by
fire emitted from a locomotive.

APPEAL by the defendant, the Fitchburg Railroad Company,
from a judgment, entered in the office of the clerk of Rensselaer
county on the 18th day of October, 1892, on a verdict for ·$3,000,
in favor of the plaintiff, rendered at the Rensselaer County Circuit,
and from an order denying a motion for a new trial made on the
minutes, entered in said clerk's office October 5, 1892.

*T. F. Hamilton,* for the appellant.

*M. I. Townsend,* for the respondent.

MAYHAM, P. J. :

This is an appeal from a judgment entered upon a verdict in favor of the plaintiff.

The action was for the alleged negligence of the defendant in the use of a locomotive engine upon its railroad, from which sparks were emitted, which, it is alleged, ignited powder in a powder mill in which plaintiff's intestate was employed, thereby causing his death. This case was before this court at a former term on an appeal from a judgment entered upon an order of the trial judge dismissing the plaintiff's complaint. (46 N. Y. St. Rep., 796.)

The evidence on that appeal is, so far as we can discover, in all respects like that contained in the record on this appeal, and this court then reversed the judgment and ordered a new trial on the ground that there were two questions of fact which should have been submitted to the jury; one whether the spark-arrester on the smoke-stack of the defendant's locomotive employed in drawing the train of cars up the grade past the powder mill, where plaintiff's intestate was employed, was reasonably safe and suitable for the use to which it was applied, and whether there was not another and more safe smoke-stack and spark-arrester, disclosed by the evidence to be in use by railroad companies and which the defendant, in the exercise of reasonable care, could and should have used, and thus minimize the danger to combustible material along its railroad. The other question for the jury was whether the spark•from defendant's locomotive ignited the powder and thus produced the explosion which caused the death of plaintiff's intestate.

This court then adopted and applied to this case the rule laid down by the Court of Appeals in the case of *Steinweg* v. *The Erie Railway Company* (43 N. Y., 123.)*

---

* The rule referred to in the opinion as that laid down in *Steinweg* v. *Erie Railway Company* (43 N. Y., 123), and adopted by the General Term on the former appeal in the present action, is thus stated by the Court of Appeals in its opinion: 'The rule of law is that the appellant was guilty of negligence if it adopted not the most approved modes of construction and machinery in known use in business, and the best precautions in known practical use for securing safety. If there was

It is now urged by the appellant that this court misconceived the effect of that decision; and that as in that case contractual relations existed between the plaintiff and defendant, the defendant owed a higher duty to the plaintiff to adopt the best and safest machinery and appliances reasonably attainable, than was required of the defendant in this case towards the plaintiff's intestate.

No authority is cited by the learned counsel for the appellant to sustain that proposition.

While it is true that the case of *Steinweg* v. *Erie Railroad Company* was one between consignor and carrier, yet the cases referred to by FOLGER, J., in delivering the opinion were those arising between railroad companies and strangers whose property was damaged by fire dropped from a locomotive. (*Field* v. *N. Y. C. R. R. Co.*, 32 N. Y., 346.)

Nor do we see how the contractual relation between a bailor and carrier increases the obligation of the carriers beyond that which they owe to the general public, to guard against damage by fire; a carrier is liable for loss by negligence, not by virtue of any contract against negligence. (*Atlantic Ins. Co.* v. *McLoon*, 48 Barb., 27.) In the absence of authority to the contrary, we see no reason for holding a railroad company to a greater degree of care in furnishing safeguards against the escape of fire to the injury of its patrons than they should exercise towards the public, whose lives and property are equally exposed to injury from its negligent escape.

On the question as to the origin of the fire which produced the explosion, the jury found with the plaintiff, and we think their finding cannot be disturbed as unsupported by evidence. The question of negligence of the defendant in the case under consideration was one clearly raised by the evidence and fairly submitted by the learned trial judge to the jury, and we see no error committed by him either in the reception or rejection of evidence, or in his charge or refusals.

---

known and in use any apparatus which, applied to an engine, would enable it to consume its own sparks and thus prevent emission of them, to the consequent ignition of combustible property in the appellant's charge, it was negligent if it did not avail itself of such apparatus. But it was not bound to use every possible prevention which the highest scientific skill might have suggested or to adopt an untried machine or mode of construction." [REP.

to charge. Nor was his refusal to set aside the verdict on the motion of the defendant error.

The judgment and order must, therefore, be affirmed, with costs.

HERRICK, J., concurred; PUTNAM, J., concurred in result.

Judgment affirmed, with costs.