(38 Misc. Rep. 187.)

HOLLAND COFFEE CO. v. JOHNSON.

(Supreme Court, Special Term, New York County. May, 1902.)

1. ARREST—AFFIDAVIT—SUFFICIENCY.
    An order of arrest obtained by a principal against his agent for moneys collected of customers and not returned will be set aside where there is no direct proof in the affidavit of payments to the agent, or excuse for failure to make such proof.

2. SAME—FRAUD.
    A principal cannot procure an order of arrest of his agent on the ground that he had fraudulently extended credit to a customer, and had represented to him that he had authority to receipt the bill, and receive in exchange therefor a suit of clothes made for him by the customer, as the fraud, if any, was directed against the customer, and not against the principal.

3. PRINCIPAL AND AGENT—RATIFICATION.
    Where an agent receipts for a suit of clothes in payment of a bill due his principal, the latter does not ratify the collection of the bill in that manner by seeking to recover the money of his agent.

4. ARREST—VACATING ORDER.
    An order of arrest granted upon two causes of action will be vacated where on one of the causes defendant is not liable to arrest.

Action by the Holland Coffee Company against Frank A. Johnson. Motion to vacate order of arrest. Granted.

Archibald Douglas, for plaintiff.
Henry W. Baird, for defendant.

GREENBAUM, J. Motion to vacate order of arrest. Plaintiff sets up two causes of action. In the first cause of action plaintiff alleges that the defendant, as its salesman, collected the amounts due on certain bills of goods from several customers, which he failed to pay over to plaintiff. One of the accounts was alleged to have been collected from one Morris, whose affidavit is not annexed, and no reason is stated why direct proof of the payment of the account by Morris to the defendant is not furnished. This omission is fatal to the maintenance of the order of arrest. Martin v. Gross (Super. N. Y.) 4 N. Y. Supp. 337. The second cause of action is framed upon the theory that the defendant, acting as the agent of plaintiff, procured it to deliver certain goods, consisting of tea and coffee, to one Banker; that is to say, that the plaintiff, through the agency of defendant, sold and delivered certain goods to one Banker, and "charged and extended credit to the said Banker for the same"; that the defendant fraudulently represented to the said Banker, who was a tailor, that he (defendant) "had authority to receipt for said bill of goods," and to accept in payment therefor a suit of clothes of the value of the goods sold by plaintiff; and that "said Banker, misled by the fraud and deceit of this defendant, delivered clothes to said Johnson of about the value of $40, who on or about September 27, 1900, gave receipted bills on behalf of this plaintiff company to said Banker without the knowledge or authority of, and in fraud of, this plaintiff." There is no affidavit of Banker from which the court can find legal proof of the alleged fraudulent acts of the defendant, nor is any reason shown why Banker's affidavit is not procurable. The president of the plaintiff corporation alleges that the defendant confessed the facts above set forth, but the so-called confession is a conclusion of the affiant, and no attempt is made to show what the defendant stated to the affiant, so that the court may determine if, as matter of fact, a confession was made by the defendant. The defects of the affidavits upon which the order of arrest was granted would seem to be sufficient in themselves to vitiate the order. But assuming the facts set up in the second cause of action to have been legally set forth, do they constitute a cause of action in favor of the plaintiff? The defendant perpetrated a fraud, but was not this fraud practiced upon Banker? Had the defendant collected money from Banker, falsely representing to be authorized thereto by the plaintiff, the latter might maintain an action for conversion against defendant upon the theory of a ratification, under the reasoning in the case of Schanz v. Martin, 37 Misc. Rep. 492, 75 N. Y. Supp. 997. In the case here presented, the defendant received a suit of clothes in payment of the bill. The plaintiff does not ratify the act of the defendant. It expressly repudiates it, by suing the defendant for the amount of the bill of goods sold to Banker. Banker would appear to be the proper person to bring an action for fraud against Johnson, and the plaintiff would, under the facts, have an action against Banker for goods sold and delivered. I am there-

fore constrained to hold that the alleged second cause of action is not maintainable. If the defendant should not have been arrested under the second cause of action, and assuming that the facts alleged are sufficient to uphold an arrest upon the first cause of action, then must the order of arrest be vacated under the doctrine that an order of arrest cannot be upheld where it covers a cause of action for which the defendant is not liable to arrest. McGovern v. Payn, 32 Barb. 83; Madge v. Puig, 71 N. Y. 608. For all the reasons given, the motion to vacate must be granted.

Motion granted.