## ROBINSON *v.* STATE.*

(Division B.    June 9, 1924.)

[100 So. 377.    No. 23798.]

INNKEEPERS.    *Fraudulent obtaining of board involves fraudulent intent, manifested by display of baggage.*

Chapter 137, Laws of 1913 (sections 2068 and 2069, Hemingway's Code), prohibiting the fraudulent obtaining of board and lodging, etc., by false display of baggage or other property, etc., does not apply to board obtained on an agreement to pay at a future day, where no display of property was made, nor any representation made in reference thereto. The two sections are to be construed together, and their meaning deduced therefrom, and, when so considered, the fraudulent intent must be manifested from a display of baggage or other property.

*Headnote 1.    Innkeepers, 32 C. J., section 95 (1925 Anno).

APPEAL from circuit court of Jasper county, Second District.

HON. W. L. CRANFORD, Judge.

L. E. Robinson was convicted of fraudulently obtaining board, and he appeals. Reversed, and defendant discharged.

*W. I. Munn,* for appellant.

L. E. Robinson, the appellant, was originally charged before a justice of the peace of Jasper county, Mississippi, with having obtained board fraudulently from one M. Williams in violation of sections 2068 & 2069 of Hemingway's Code, Laws 1912, chapter 137, and was tried and convicted in justice court and appealed to the circuit court, where the case was tried *de novo* and he was sentenced to pay a fine of one hundred dollars and appealed.

In the light of the testimony as outlined by the state witness, Mr. Williams, the appellant, has committed no crime. From the testimony of Mr. Williams, he agreed

to an extension of time as shown by his own testimony, and the later section of the code states that where there is an agreement as to an extension of time in the payment of the board bill, the statute does not apply.

Again to bring the appellant, Robinson under the condemnation of this statute, or these two sections of the code, it will be necessary for the appellant, to have done or said something with reference to his baggage or his property at the time of the making of the contract between himself and Mr. Williams.

There is no contention made on the part of the state to prove that Robinson, the appellant, in any manner whatever misled, or attempted to mislead Mr. Williams in regard to the ownership of his property, at the time of the making of the board contract.

*E. C. Sharp,* Assistant Attorney-General, for the state.

We have been unable to find where our court has ever passed on this act, but in the well-reasoned case of *In Re Fred Milecke,* 21 L. R. A. (N. S.) 259, we find where a very similar act was upheld. See, also, *State* v. *Yardley,* 95 Tenn. 546; *State* v. *Benson,* 28 Minn. 424; *State* v. *Engle,* 156 Ind. 339.

*W. I. Munn,* for appellant in reply.

The attorney-general misconceives the brief for the appellant when he says that we devote our brief to the unconstitutionality of the two sections of the code referred to.

We did say that the law referred to would be in violation of the constitution of the United States, and of the state Constitution, if it meant conviction under the testimony of the case at bar.

We do not contend that the two sections referred to are illegal and void, but we do contend that in order to sustain a conviction, the testimony must be in harmony with the law as announced in these two sections of the code.

We can well understand under proper circumstances how anyone could be convicted under this law, but we can-

not understand how a conviction could be had under the testimony in this case.

ETHRIDGE, J., delivered the opinion of the court.

Appellant was tried and convicted of fraudulently obtaining board in violation of chapter 137, Laws of 1912 (sections 2068 and 2069, Hemingway's Code). The affidavit charging the offense alleges that the appellant "did unlawfully, willfully, and with the intent then and there to cheat, wrong, and defraud affiant, who was the owner or keeper of an eating house, abscond and leave affiant's premises, and go to parts unknown, without the consent and approval of affiant, without paying and making satisfaction of the sum of sixty-eight dollars and ninety cents, the same being an amount then and there due and owing affiant for board and lodging, against the peace and dignity of the state of Mississippi."

In our opinion the evidence is insufficient to make out the offense charged. The prosecuting witness in his testimony states that Mr. Robinson came to him in 1920 about "the 1st of September, and told him that he, Robinson, wanted board for himself and his crew, and that he would be responsible for it, and I told him all right, and he told me that he would pay me along on pay days. Mr. Robinson came there and contracted seventy dollars worth of board for himself and his crew. But he bought a gallon of molasses which amounted to one dollar and ten cents, and I gave him credit on his board for that, which left the amount due me sixty-eight dollars ninety cents. Pay day came, and he was doing business with a firm at Laurel, and he said that he would go to Laurel and be back on Saturday night and see me here and settle with me, and I met the north-bound train, and Mr. Robinson was on it, and he told me he was going to Newton, and he says, 'I will be out the first of the week and pay you,' and I says, 'That will be all right.'" He further stated that Robinson promised he would be back the next week

and would be there for a few more days, and then went away without paying him; that Robinson came back the next week, and got ready to leave, and said he would be back that night and settle his board bill, but that he never came back.

The latter part of section 2069, Hemingway's Code, expressly provides that "this act shall not apply where there has been an agreement for delay in payment." The prosecuting witness' own language shows that the agreement was to pay on a pay day. It was not a cash consideration. The affidavit does not allege a false or fictitious show of property or baggage or anything provided for in section 2069, Hemingway's Code, except the going away without paying the bill and the obtaining of the board.

We think the two sections should be taken as an entirety, and that it is necessary to charge and prove some fact from which the fraudulent intent can be inferred. Of course, the proof must establish something more than a mere obtaining of board and a failure to pay the bill.

The judgment of conviction will therefore be reversed, and the appellant discharged.

*Reversed, and appellant discharged.*