CALOGERO, Justice.
Defendant Carol Baize was charged by bill of information with obtaining motel accommodations without paying for them, with intent to defraud, in violation of R.S. 21:21. Following trial the six member jury found Ms. Baize guilty as charged. Defendant was sentenced to serve one year at hard labor and pay a fine of $500.00. On appeal to this Court defendant argues five assignments of error.
The evidence as adduced at trial by the prosecution, or as was undisputed, is as follows. Defendant obtained a room for one at the Holiday Inn East in New Orleans on December 21, 1977, and paid in cash for the first night. Another woman, Pat Clark, was helping defendant with her bags when she checked into the motel.
The desk clerk who registered defendant testified that he told her that cash customers had to pay daily and that on the 27th of December room rates would increase for the Sugar Bowl. He stated that there were signs on the front desk and on the front door announcing the increase. He remembered that at one point in defendant’s stay her payments were not current, i. e. paid daily, but she had come to the desk and paid the charges due.
Ms. Jean Marange, the front desk manager, testified that she changed defendant into another room after Ms. Baize complained about her assigned room. Ms. Baize stayed several days in the new room without paying the bill, but then came down to the front desk and paid her bill. After Ms. Baize paid these charges, her bill mounted to $60.00 by December 28th at which point Ms. Marange called defendant’s room and spoke to someone about paying the bill. When that individual said she wanted to pay by check Ms. Marange informed her that the hotel would not accept a check in payment unless the individual had either an American Express Card or two other major credit cards.
Over the next several days hotel personnel unsuccessfully attempted to contact defendant in her room. On December 29, 1977, Gary Froeba, the Innkeeper, back-locked defendant’s room so that she couldn’t get in. Defendant and Ms, Clark called the Innkeeper that night to complain about being locked out, not receiving a commercial rate (which Holiday Inn does not have) and not being allowed into her room to feed her dog. Mr. Froeba testified that the call developed into a hostile discussion and that one woman said that they didn’t have any money. The Innkeeper admitted that someone had come to the desk that day and offered to pay approximately $66.00 to settle the bill, (the amount that would have been due if Sugar Bowl rates had not been in effect) but he stated that the offer was not acceptable.
On December 30, 1977, Ms. Baize called Bill Ridgeway, the district manager for Holiday Inn and complained about being locked out of her room, not being given a commercial rate, not being allowed access to her dog, and the rudeness of the Innkeeper.
Between December 30th and January 6th defendant made several calls to the Innkeeper and reiterated her complaints. He told her that she could not have the dog until she paid her bill and that if she didn’t come to get it he would have to take the dog to the S.P.C.A. Ms. Baize also apparently called Memphis, Tennessee several times on Holiday Inn’s Customer Complaint Line. She told them that she was then staying at a Howard Johnson’s where, on the night of January 6, 1978, she was later arrested.
Ms. Baize and her business associate, Ms. Clark testified that defendant had not been informed of the Sugar Bowl rates by the desk clerk, nor had either of them seen any signs announcing the increase. Defendant denied that Ms. Marange had called her on December 28th requesting payment for the room, and testified that Mr. Ridgeway had agreed to accept $60.00 to settle the bill. Defendant stated that she had asked the innkeeper several times for the dog, but he had refused to give her the dog. Ms. Clark’s testimony was largely similar to Ms. Baize’s.
*223 Defendant argues five assignments of error. Because we find reversible error in assignment of error No. 1 we need not discuss the other assignments.
Defendant contends in assignment of error No. 1 that there was insufficient evidence to support a conviction for willfully and unlawfully obtaining hotel accommodations without paying therefor, and with intent to defraud.*
Whether we apply the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) that “after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,” or our traditional standard that there was some evidence of the essential elements of the crime for which defendant was convicted; the evidence presented at trial was insufficient to prove that defendant “obtained” the accommodations with intent to defraud.
Whatever civil obligation defendant breached by continuing to stay in the hotel without paying the demanded charges, defendant did not obtain the accommodations with intent to defraud because she in fact paid cash at the outset of her stay at the motel. In order to convict a person of fraudulently obtaining board or lodging, the proof must show an intent to defraud at the time the board or other accommodation was obtained; a mere failure, refusal or inability to pay does not constitute the offense. 40 Am.Jur.2d 954 (1968). See Robinson v. State, 135 Miss. 774, 100 So. 377, People v. Nicholson, 25 Misc. 266, 55 N.Y.S. 447.
Despite the hotel’s announced policy that cash customers were required to pay daily, that policy was not applied to Ms. Baize. On at least one occasion after the inception of her occupancy she was allowed to remain without prepayment and to pay an accumulated arrearage. Furthermore, after the hotel requested payment there were two offers to pay the bill by check. That belies an intent on part of defendant then or earlier to obtain accommodations without paying for them with intent to defraud. (No evidence was presented suggesting that this check might be bad.)

Decree

For the foregoing reasons the conviction and sentence of defendant Carol Baize is reversed and set aside and defendant ordered discharged.
REVERSED.

 R.S. 21:21 provides in pertinent part:
“No person shall:
(1) Obtain accommodations at any hotel, inn, boarding house or restaurant or procure food without paying therefor, with intent to defraud, except when credit is given by express agreement;. . . . ”