## Joshua Hutchinson v. David Davis.

1.  IMPRISONMENT FOR DEBT—*Constitutional Provisions.*—The constitution of this State does not permit imprisonment for a mere neglect to pay a debt.

2.  INNKEEPERS—*Frauds upon.*—In construing the act to define and punish frauds upon hotel, inn, boarding and eating-house keepers, a construction which renders the act obnoxious to the provisions of the constitution relating to imprisonment for debt, should be avoided.

3.  FRAUDS UPON INNKEEPERS—*Construction of the Law.*—Proof that a person refused or neglected to pay for accommodation at an inn or hotel on demand, is only proof that he refused or neglected to pay a debt, without showing either that it was fraudulently incurred, or that the neglect or refusal to pay was in any way fraudulent.

4.  SAME—*Essentials of the Proof.*—To constitute the *prima facie* proof under section 2 of the act to define and punish frauds upon hotel, inn, boarding and eating-house keepers, there must be proof that the person surreptitiously removed or attempted to remove his baggage, or of one or more of the conditions required by said section.

5.  CONSTITUTIONAL LAW—*Construction of Statutes.*—A declaration in a statute that mere neglect to pay a debt of a particular kind is a misdemeanor and punishable by imprisonment, will not make confinement under it anything else than imprisonment for debt and in violation of the constitution.

6.  PENAL STATUTES—*Strict Construction.*—The act entitled " An act to define and prevent frauds upon hotel, inn, boarding and eating-house keepers," is a penal statute, and is to be strictly construed.

Trespass, for false imprisonment. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Submitted at the March term, 1895, of this court. Affirmed. Opinion filed April 22, 1895.

## STATEMENT OF THE CASE.

This appeal is from a judgment for alleged malicious prosecution.  Appellant, Hutchinson, was the proprietor of the Hotel Gresham; appellee became a boarder at such hotel. On the day before May 6, 1893, appellant rendered to appellee a bill for $27.  Appellant understood that appellee was about to leave.  On the next day, Saturday, May 6, 1893, at about seven or half past seven o'clock in the evening, he removed his baggage from the hotel.  Neither appellant nor his agents saw him go and did not know he was at that time going.  After he had so left, he then came back and saw appellant's wife.  She told him that the $27 mentioned in the bill was partly for board and partly for coal, heat, fire, etc.  He denied that there was that much due.  He told her that he would pay her $13 only, if given a receipt in full, and upon being told that he should pay all, refused. On May 8th, appellant called on appellee at his place of business to collect the bill.  He gave appellant $13, and the appellant gave him a receipt for that much on account of the bill, whereupon appellee demanded a receipt in full and refused to pay the balance.  Thereupon appellant went to the office of justice of the peace H. B. Brayton, and sued out a civil process against appellee for the balance of his bill, and after talking to Brayton, and disclosing to him the principal facts of the case, on the advice of Brayton sued out a warrant under a section of the statute which Brayton told him applied to the case.  On the civil process judgment was rendered against appellee for the balance, and appellant compromised the judgment with appellee, and took but six dollars and a half of it.  On the warrant appellee was arrested, taken to Brayton's office, detained there a short time, awaiting bail; he gave bail, went back to his place of business and has worked there ever since.  Appellee was discharged by Brayton.  Appellee then brought his action, and has recovered the sum of $275.

APPELLANT'S BRIEF, HIRAM BLAISDELL, ATTORNEY.

Actions for malicious prosecution are regarded by law

with jealousy. Lord Holt said more than one hundred years ago, that "they ought not to be encouraged, but managed with great caution." Their tendency is to discourage prosecution for crime, as they expose the prosecutors to civil suits, and the love of justice may not always be strong enough to induce individuals to commence prosecutions, when, if they fail, they may be subjected to the expense of litigation if they be not mulcted in damages. Newell on Malicious Prosecution, page 13; Israel v. Brooks, 23 Ill. 527; Harpham v. Whitney, 77 Ill. 39; Ames v. Snyder, 69 Ill. 379; Collins v. Hayte, 50 Ill. 354; Palmer v. Richardson, 70 Ill. 545.

It is a rule of law founded on policy, convenience, justice and necessity, that the prosecutor of a wrong that affects the public shall be protected, provided he has probable cause, however malicious his private motives may have been, for although he may have intended ill, still good may arise to the public. Newell on Malicious Prosecution, 15; Collins v. Hayte, 50 Ill. 355; Anderson v. Friend, 71 Ill. 479; Palmer v. Richards, 70 Ill. 546; Thomas v. Smith, 51 Mo. App. 605; 1st T. R. 493; White v. Dingley, 4 Mass. 433; Lindsay v. Larned, 17 Mass. 190; Vanduzor v. Kindermon, 10 Johns. 106; 2 Stark. Ev. 911; 2 Saund. P. L. & Ev. 195.

An agreement with an innkeeper for the price of board by the week, is not decisive that the relation is that of boarder instead of guest. Burkeshire Woolen Co. v. Proctor, 7 Cushing 417, 424; Story on Bailments, Sec. 477; Hancock v. Rand, 94 N. Y. 1; Pinkerton v. Woodard, 33 Calif. 557; Walling v. Potter, 35 Conn. 383; Ross v. Mellin, 32 N. W. Rep. 172; Shoecraft v. Bailey, 25 Iowa 553.

APPELLEE'S BRIEF, ROYER, PARKER & HIGGINS, ATTORNEYS.

The appellee was obliged to show on the trial that the prosecution was malicious, and without probable cause, but he was not required to show malice by direct expressions of actual ill will or hatred on the part of the appellant. Harp-

ham v. Whitney, 77 Ill. 32; Krug v. Ward, 26 Ill. 603; Calef v. Thomas, 81 Ill. 432.

Malice may be inferred from proof of want of probable cause. Ray v. Goings, 112 Ill. 656; Beidler v. Biernaest, 25 Ill. App. 422; Mitchinson v. Cross, 58 Ill. 366.

The prosecution of a person criminally with any other motive than bringing the guilty party to justice, is in law a malicious prosecution. Ross v. Inniss, 35 Ill. 487; Schofield v. Feners, 47 Pa. St. 196; Anderson v. Friend, 71 Ill. 475.

To constitute reasonable or probable cause that will excuse one from liability to pay damages, if the accused is not guilty, there must be a reasonable ground to believe the guilt of the accused, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the accused is guilty of the offense with which he is charged, and the prosecutor must act in good faith, believing them to be true. Roy v. Goings, 112 Ill. 657.

In determining whether there was reasonable or probable cause to believe the guilt of the accused, his good character, as bearing on the probability of his being likely to commit such an offense, must be considered. Israel v. Brooks, 23 Ill. 575; Krug v. Ward, 77 Ill. 164; Ross v. Innis, 35 Ill. 487.

The appellee was not a guest at an inn in the meaning of the statute; he was a boarder at a boarding house. Moore v. Long Beach Development Co., 83 Cal. 483; 62 American Decisions, 586.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is urged by appellant that under the following provisions of the statute of this State, he was justified in causing the arrest of appellee, and that this action can not be maintained.

Page 357 of the 3d volume of Starr & Curtis: "An act to define and punish frauds upon hotel, inn, boarding and eating-house keepers."

"Sec. 1. That any person who shall obtain food, lodging or other accommodation at any hotel, inn, boarding or eating-house, with intent to defraud the owner or keeper thereof, shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by a fine not exceeding $100, or imprisonment in the county jail not exceeding thirty days."

"Sec. 2. Proof that lodging, food or other accommodation was obtained by false pretense, or by false or fictitious show or pretense of baggage, or that the party refused or neglected to pay for such food, lodging or other accommodation on demand, or that he or she absconded or left the premises without paying or offering to pay for such food, lodging, or other accommodation, but that he or she surreptitiously removed or attempted to remove his or her baggage, shall be *prima facie* proof of the fraudulent intent mentioned in section 1 of this act, but this act shall not apply to regular boarders, nor when there has been an agreement for delay in payment."

In construing this statute, it must be borne in mind that the constitution of this State does not permit imprisonment for a mere neglect to pay a debt, and that to construe these sections in such manner as to make them authority for such imprisonment, would be to render them obnoxious to the constitution.

Such a construction is not to be sought, but avoided. Mere proof that one refused or neglected to pay for accommodation on demand would be, only, that one refused or neglected to pay a debt, without showing either that it was fraudulently incurred, or that the neglect or refusal to pay was in any way fraudulent. We must not hastily conclude that the legislature intended to create a statute providing that one who owed a hotel bill might be imprisoned for non-payment thereof.

The declaration in a statute that mere neglect to pay a debt of a particular kind should be a misdemeanor and punishable by imprisonment, would not make confinement under such enactment anything else than imprisonment for

debt and in violation of the constitution. It is evident that to constitute the *prima facie* proof described in section 2 of the act, there must be proof that he or she surreptitiously removed or attempted to remove his or her baggage, as well as of one or more of the facts mentioned in that part of the section preceding the word "but." There was no evidence that appellee "surreptitiously removed" his baggage from appellant's hotel.

The fact that neither appellant nor any of his agents knew that he was going away, or taking his baggage away, does not, of itself, establish that the removal was surreptitious. He may have gone and taken his baggage in the most open and public manner, and yet neither appellant nor any of his agents seen the removal.

There was no evidence that appellee absconded at all, or left the premises without offering to pay for such food, lodging and other accommodations.

He left without offering to pay the amount appellant claimed was due; he did offer to pay, and did pay the sum he insisted was due. It does not appear that the difference of opinion as to what was due, was upon the part of appellee a mere fraudulent pretense; he seems to have honestly thought that he did not owe $27. Quite likely he was, as Justice Brayton found, mistaken as to this; but the circumstances were such that it was a mistake, which one could honestly make.

The statute under consideration is a penal one and is to be strictly construed.

Appellant made written complaint that appellee, on the 6th day of May, 1893, did, with intent to cheat and defraud the affiant, Joshua Hutchinson, obtain from him food and lodging to the amount of $27.36. There was no evidence to sustain this complaint. Appellee did not obtain either food or lodging on the 6th day of May, to the amount of $27.36; he left the evening of that day and boarded with appellant no more. Nor was there any sufficient evidence that either the food he had on that day or at any previous time he obtained with intent to cheat or defraud the "affiant, Joshua Hutchinson."

It is gratifying to note that the jury did not, in this case, allow their reason and judgment to be run away with.

Appellant made a serious mistake; had he before causing the arrest of appellee consulted with a capable lawyer and told him all the facts, it is not likely that he would have instituted the criminal proceedings.

The verdict is, under the circumstances, for a fair and just amount. The judgment of the Circuit Court is affirmed.