## Onondaga County Court.

November, 1898.

## THE PEOPLE v. HERMAN NICHOLSON.

1. CRIMINAL LAW—DEFRAUDING HOTEL KEEPER.

A guest who has been guilty of no fraud except inability to pay the amount of a board bill already incurred, if he goes away openly, and for the ostensible purpose of obtaining the money to pay the amount of the bill, is not liable to arrest and conviction.

2. SAME.

The mere fact of inability to pay a hotel bill is not made a crime.

APPEAL from a judgment of a court of special sessions, convicting the defendant of the crime of defrauding a hotel keeper.

John H. McCrahon, for appellant.

George W. Standen, for the People.

ROSS, J.—The complaint is an hotel keeper, and the defendant boarded with him for three or four weeks, incurring a board bill of $10.85, upon which no payment was made. The defendant informed the complainant that he was about to leave, and the complainant told him not to leave until he paid the amount due for board. The defendant offered to leave his clothes, and the complainant, the landlord, said to him that they were no good to him; he wanted his money. The defendant wanted to make some arrangement about paying; wanted to go away; did not know how he could pay; said something about a company owing him money, and said something about going after the money due him; and the complainant told him he could not go until he paid his bill. The clerk in the hotel testified to the following conversation with the defendant when the latter left: "He asked me what to do. He said he had no money to pay his bill, and didn't know what to do. I told him to go to Syracuse, and get his money, and pay or he [the landlord] would send for him. He said he would

be back that night or the next morning." It does not appear from the evidence whether the defendant returned.

1. There is no evidence to show that at the time the defendant obtained board he intended to defraud the complainant by making false representations,—as that he falsely represented that he was engaged in business or employment, or false statements as to being possessed of means or property.

2. There is no evidence that he obtained credit by any false pretenses,—as the possession of worthless checks, or baggage of apparent value which was worthless.

3. There is no evidence that, after having obtained credit, he surreptitiously removed his baggage. On the trial the landlord reiterated in his evidence that the defendant offered to leave his clothes if the landlord wanted him to, and that the witness told the defendant that he did not want his clothes.

There is no evidence that the defendant absconded. He apparently left to obtain money to pay the amount of the bill, and there is no evidence that he did not return; but, if it appeared that he did not return, I think such evidence would still be insufficient to sustain the conviction. If an impecunious guest, who has been guilty of no fraud except inability to pay, is unable to pay the amount of a board bill already incurred, it would seem, from the contention of the complainant, that he must either remain and increase his liability and the landlord's loss, or, if he goes away openly, and for the ostensible purpose of obtaining the money to pay the amount of the bill, that he is liable to arrest and conviction. This would amount, practically, to liability to conviction in every case of inability to pay a board bill. I do not think that the statute contemplates such a result. An hotel keeper can require payment in advance from his guests, he has a common law and statutory lien upon the baggage of his guest, and he is protected from actual fraud; and this is all. The mere fact of inability to pay an hotel bill is not made a crime.

Judgment reversed.