## Commonwealth *v.* Billig, Appellant.

*Criminal law—Hotel keeper—Fraud—Removal of baggage.*

A conviction under the Act of April 20, 1876, P. L. 45, entitled " An act to prevent fraud and fraudulent practices upon or by hotel keepers, inn keepers, or boarding house keepers," will be sustained, where the evidence tends to show that the defendant removed his baggage from a hotel with the intention of not paying a board bill which had accrued.

Argued March 8, 1904.   Appeal, No. 99, April T., 1904, by defendant, from judgment of Q. S. Crawford Co., Sept. T., 1903, No. 29, on verdict of guilty in case of Commonwealth v. Fred Billig.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Indictment for defrauding a hotel keeper.

Verdict of guilty upon which judgment of sentence was passed.

*Error assigned* was the whole charge of the court.

*W. C. Pettit,* for appellant.—The simple fact that defendant is leaving the country without paying a debt does not, of itself, constitute a fraud, and it is necessary to prove an intent to defraud in order to maintain a capias : Tramblag v. Graham, 7 Montreal Super. Ct. 374.

*C. Victor Johnson,* district attorney, and *Wesley B. Best,* for appellee.

OPINION BY ORLADY, J., July 28, 1904 :

The defendant was indicted under the first section of the Act of April 20, 1876, P. L. 45, entitled " An act to prevent fraud and fraudulent practices upon or by hotel keepers, inn keepers, or boarding house keepers."   There were few disputed facts and the testimony was confined to but four witnesses.

Charles Britton was the proprietor of a hotel to which the defendant came as a boarder, and made a contract by which he was to pay for his boarding $20.00 per month.   He

was a railroad employee, received his pay once a month, and brought with him some baggage, which he deposited in his room. After remaining for some time, he removed his baggage without providing for the payment of his bill.

The correctness of the verdict is to be determined entirely by the intention of the defendant in leaving, and this was purely a question of fact, which was properly submitted to the jury in a charge, which, taken as a whole, was fair and adequate. The vital question was clearly presented to the jury as follows: " Do you believe he went away with intent to defraud Mr. Britton of this bill, or was it his purpose to leave knowing it was about pay day and avoid paying him, taking his goods, if he had any there with him to prevent Mr. Britton getting the bill. What was his purpose? His acts are evidence from which you are to judge what his intentions were."

It is not necessary to analyze the words of the act of assembly. They are plain and in common use, and the court was not requested to give any special interpretation of them. The defense was made one of fact, and the jury had the benefit of hearing the defendant's testimony, but did not accept his statement as true.

The assignments of error are overruled and the judgment is affirmed.