COUNTY COURT—ONONDAGA COUNTY,
February, 1913.

# THE PEOPLE v. S. LAURIE KLAS.

### (79 Misc. 452.)

(1.) PENAL LAW, § 925—DEFRAUDING HOTEL KEEPER.
> The object of section 925 of the Penal Law is to protect a landlord from actual fraud in obtaining credit, or in any effort to deprive him of his lien upon the baggage of a guest.

(2.) SAME.
> Where a guest boarded at a hotel over four months, making payments from time to time at the agreed weekly price for board, and there is no evidence of any misrepresentation as to his income or the value of his baggage that could have misled, and during the same period he ran a bar bill on which he also made payments, and, because of a quarrel with the hotel keeper, he stayed away one night and the next day while owing a bill of twenty-nine dollars took away his suit-case which was his only baggage, at which time he was seen by and spoke to one of the servants of the hotel, and, upon a trial for a violation of section 925 of the Penal Law, no separation of the accounts was attempted to be made, and there was no proof that the hotel keeper made a specific application of payments, a judgment of conviction will be reversed.

(3.) SAME—EXCLUSION OF TESTIMONY.
> Defendant having testified that he was ordered out of the hotel, the exclusion of testimony of the servant who spoke to him as he left as to what the hotel keeper said at that time was error, as it might have tended to sustain defendant's version of the transaction.

THE defendant was tried in a Court of Special Sessions held by a justice of the peace of the town of Lysander, Onondaga county, New York, for a claimed violation of section 925 of the Penal Law, the crime of defrauding a hotel keeper. He was found guilty of the charge, and a fine was imposed. From such judgment of conviction this appeal is taken.

Barton C. Meays, for appellant.

Edward D. Chapman, second assistant district attorney, for people.

Ross, J.   The complainant, Mr. Devendorf, is a hotel keeper in the village of Baldwinsville, and the defendant is a mechanic, who during the time which he boarded with Mr. Devendorf, and since, has been working receiving a salary of substantially twenty-four dollars a week.   He boarded with Mr. Devendorf from early in December, 1911, until about the middle of April, 1912, at the agreed price of four dollars and fifty cents a week, and during this time he also ran a bar bill and made payments upon these two bills from time to time.   The exact amount of the bar bill does not appear but it was claimed by Mr. Devendorf that at the time the defendant left his hotel the defendant owed him about twenty-nine dollars.   It appears, without contradiction, that on the day the defendant left his hotel they had a disagreement; it is claimed by the defendant that Mr. Devendorf ordered him out of the hotel.   At any rate he stayed away that night, and the next day took away his suit-case, which was the only baggage he had, at which time he was seen by and spoke to one of the servants in the hotel.   To convict a person of a violation of section 925 of the Penal Law it is necessary to show either that the defendant:

(a) Obtained lodging, food or accommodation without paying therefor and with the intent to defraud the proprietor, or

(b) That he obtained credit by use of any false pretenses; as for instance falsely claiming to be an agent of a reputable firm, or that he expects a check from some person whom he names.   There is no claim in this case that the defendant violated the statute in this respect.

(c) Or that after obtaining credit or accommodation he removed his baggage without the consent or permission of the

proprietor and with the intention of not paying for his lodging, food or accommodation.

The aim of the statute is to protect the landlord from actual fraud. The fact that a guest or boarder does not or is unable to pay his bill is not alone enough to justify his conviction of a misdemeanor. There must be a fraudulent purpose and an overt act of fraud. The defendant in this case, upon the appeal papers herein, is not guilty of obtaining credit or accommodation with the intent to defraud his landlord. He remained a boarder without objections for over four months and there is no evidence whatever of any misrepresentations as to his income or the value of his baggage that could have misled the landlord, during all of which time he from time to time made payments to his landlord. Besides the charge in the information is in this respect that on the twelfth day of April he obtained credit with intent to defraud the proprietor which of course he could not do at the time as the credit had already been obtained, so that the only charge which deserves consideration is that he removed his baggage without the permission or consent of the proprietor and with intent to defraud him. And the evidence shows that he removed his baggage openly; that he has remained in Baldwinsville since, and, whatever version we accept as to the conversation between the landlord and the defendant on April twelfth, it is evident that the defendant left because of a quarrel that he had had at the time rather than for the purpose of defrauding his landlord.

It also appears that on April 9, 1912, the defendant gave an order to his employer, Mr. Albert, to pay his landlord ten dollars a week for four weeks. It is true that he subsequently told Mr. Albert not to pay it, but Mr. Albert testifies that, at the time defendant countermanded the order, he gave as a reason that Devendorf had put him out. The apparent intention of the defendant, at least on April ninth, was to pay whatever he owed his landlord and the subsequent canceling

of the order apparently was the result of their quarrel, and his intention at the time of the conversation with Albert did not constitute an element of a crime which, if committed at all, had already been consummated. A hotel keeper can require a guest to pay his board in advance. The law gives him a lien upon the guest's baggage and the statute in question gives him a drastic remedy in all cases of actual fraud either in obtaining credit or in any effort to deprive the landlord of his lien upon a guest's baggage. But the mere fact of a guest not being able to pay a hotel bill is not a crime. People v. Nicholson, 25 Misc. Rep. 266.

But there is another reason why this judgment must be reversed. It is evident that the bill of the landlord represents what is known in ordinary parlance as a bar bill as well as the defendant's board. There was no attempt as appears by the evidence during the four months that the defendant boarded at this hotel of any separation of accounts, and there was no proof that the landlord made a specific application of payments. The complainant testified in a general way that the amount in question was due for board, but this is, from all the evidence, rather a conclusion than a precise fact. It is a well settled principle of law that: "The party who seeks a peculiar right or remedy in respect to a particular debt must enforce it by itself, and not unite it with other claims." Hickox v. Fay, 36 Barb. 9, 14, which was a case of a claimed lien for the purchase price of exempt property. McGovern v. Payn, 32 Barb. 83, where an order of arrest covered causes of action for which the defendant was not liable to arrest. Brown v. Treat & Carter, 1 Hill, 225, case of mingling counts in contract and tort. Miller v. Scherder, 2 N. Y. 262, also a case of mingling or uniting causes of action in contract and tort. The statute, which it is claimed the defendant violated, only protects a hotel keeper for lodging, food and accommodations furnished, and in so far as the bar bill is for liquors no recovery can be had therefor. Liquor Tax Law, 234.

Upon the trial the witness Nora Keenan was sworn for the people. She testified on cross examination as to defendant's leaving the hotel, as follows: " I saw him take it (suit-case) ; I was at the head of the stairs going down; he said good-bye to me; I had heard that he left; I think it was Mr. Devendorf I heard say something about it. Q. What did Mr. Devendorf say? Objected to as immaterial. Sustained."

It seems to me that clearly this evidence was not only admissible but may have been very important. The defendant's evidence is to the effect that he was ordered out of the hotel. What Mr. Devendorf said to this witness may have tended to sustain the defendant's version. Mr. Judge Vann said in People v. Fiorentino, 197 N. Y. 560, 570: " The danger of excluding competent evidence is greater than the danger of receiving incompetent evidence."

Judgment of conviction reversed.

---

**NOTE ON CRIMINAL OFFENSES AGAINST HOTEL-KEEPERS.**

Statutory Enactments in Various States.

In Illinois a mere refusal to pay does not constitute the cause; it must be a fraudulent refusal. Hutchinson v. Davis, 58 Ill. App. 358.

And refusal to pay damages for a breach of a contract to board does not come within the statute; only refusal to pay for board actually furnished. Sudmacher v. Block, 39 Ill. App. 553.

The offense of surreptitiously removing baggage involves fraud and concealment, and is not committed if the baggage be openly removed, even if the removal was not seen. Hutchinson v. Davis, 58 Ill. App. 358.

In Minnesota the complaint need not allege either the board alleged or the baggage removed to be of any value. State v. Benson, 28 Minn. 424.

In Missouri the board must have been obtained by means of the false pretenses; it is no offense to make a false promise after the board has been obtained.    State v. Kingsley, 108 Mo. 135.

In Pennsylvania the statute makes no distinction between a guest and a boarder, and includes every person who with intent to defraud obtains food or accommodations.    Commonwealth v. Gough, 3 Kulp, 148.

Evidence of the removal of the baggage with the intent of not paying the board bill will justify conviction.    Commonwealth v. Billig, 25 Pa. Super. Ct. 477.

The statute punishing surreptitious removal applies to the removal of baggage or of any other property; and it applies to such goods obtained by fraud after the act went into effect although the charges on which they are held were incurred before the passage of the act.    Commonwealth v. Morton, 9 Lanc. Bar. (Pa.) 79.

An indictment for obtaining board by false pretenses must set out the nature and character of the pretenses.    Commonwealth v. Dennis, 1 Pa. Co. Ct. 278.

## Constitutionality of Statutes.

A statute making the defrauding of a hotel keeper a criminal offense is not unconstitutional as creating imprisonment for debt.    Ex parte King, 102 Ala. 182.

Constitutionality upheld in State v. Yardley, 95 Tenn. 546.

Statutes held subject to strict construction.    Hutchinson v. Davis, 58 Ill. App. 358.

## New York Decisions.

The crime is not committed unless the fraudulent intent existed at the time the board was obtained, and it was obtained by means of the false pretenses.    People v. Nicholson, 25 Misc. 266.

Where a guest of a hotel has not been guilty of any fraud in not paying his hotel bill, offering to leave his clothing as security, and left openly, he cannot be convicted for fraud.    People v. Nicholson, 25 Misc. 266.