*146 OPINION OF THE COURT
Per Curiam.
Defendant was convicted, after a nonjury trial, of several crimes including conspiracy in the fourth degree and two counts of attempted grand larceny in the first degree. The conspiracy and attempted grand larceny convictions were based on defendant’s participation in a conspiracy to commit larcenies by extortion by stealing the rights of tenants to occupy and possess their apartments.
On appeal defendant challenges the fundamental basis of the larceny related charges by contending that as a matter of law the rights of tenants to possess and occupy their apartments do not constitute "property” as defined in Penal Law § 155.00 (1). Defendant argues that, therefore, his actions did not constitute a crime. Defendant’s contention is without merit.
Penal Law § 155.00 (1) defines "property” for purposes of the larceny statutes as: "any money, personal property, real property, computer data, computer program, thing in action, evidence of debt or contract, or any article, substance or thing of value including any gas, steam, water or electricity, which is *147 provided for a charge or compensation” (emphasis added). In People v Spatarella (34 NY2d 157, 162), this court held that the contractual right of a refuse removal company to service a restaurant was "property” for purposes of the larceny by extortion statutes even though it was no more than an intangible "advantageous business relationship which was based on an at-will arrangement”.
Here, defendant, an agent of the owner in fee of the apartment building in question, attempted, through extortion, to deprive the tenants of their statutory and/or contractual rights to occupy and possess their apartments. Tenants who have a legal right to occupy and possess an apartment, whether by lease or under statute, own "property” as defined by Penal Law § 155.00 (1) (People v Spatarella, supra). When a lease is entered into, a landlord transfers the sole and exclusive right to possession of the. premises to the tenant (see, People v Scott, 26 NY2d 286, 289; People v Podolsky, 130 Misc 2d 987, 990-991; Restatement [Second] of Property, Landlord and Tenant § 6.1; 33 NY Jur, Landlord and Tenant, §§ 2, 131). Additionally, rent-controlled and rent-stabilized tenants have a right to continued possession and may not be evicted or excluded from possession except as provided by statute, notwithstanding any contract to the contrary (see, Administrative Code of City of New York § Y51-6.0; see also, People v Podolsky, supra). Contrary to defendant’s contention, an interest need not be transferable to constitute "property” under Penal Law § 155.00 (1) (see, People v Spatarella, supra).
We have considered defendant’s other arguments raised on this appeal and conclude that they are either unpreserved or without merit.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Order affirmed.