OPINION OF THE COURT
Troy K. Webber, J.
The defendant, Hector Garcia, was arraigned on August 1, 1994 upon a felony complaint charging him with aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [ii]), a class E felony. On August 16, 1994, the felony charge was reduced to aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]).
The defendant now moves for an order pursuant to CPL 170.30 (1) (e) and 30.30 dismissing the accusatory instrument on the ground that the accusatory instrument was not converted to an information within the time requirements of CPL 30.30; suppressing evidence and statements allegedly made by *864 him or, in the alternative, for a hearing thereon; precluding the use at trial of the defendant’s prior criminal history or prior uncharged criminal, vicious, or immoral conduct; reserving his right to make additional motions; and for such other and further relief as this court deems proper.
SPEEDY TRIAL
After careful examination and consideration of the court papers, the affirmations submitted by counsel, and the criteria set forth in CPL 30.30 (4), defendant’s speedy trial motion is denied for the reasons that follow.
CPL 30.30 (5) (c) provides that if an action is commenced by the filing of a felony complaint and is thereafter replaced with or converted to a misdemeanor accusatory instrument charging a class A misdemeanor, the People must be ready to proceed to trial within 90 days from the filing of the new accusatory instrument or six months from the filing of the felony complaint, whichever period is less. (See, People v Ferrara, 102 Misc 2d 253 [Crim Ct, Queens County 1979].)
In the instant case, defendant was arraigned upon a felony complaint on August 1, 1994. On August 16, 1994, the felony charge was reduced and the felony complaint was converted to a misdemeanor instrument, the top count of which is an unclassified misdemeanor, punishable by a term of imprisonment exceeding three months. Therefore, the People had 90 days from the filing of the misdemeanor complaint in which to answer ready for trial.
Defendant’s speedy trial motion is based on the assertion that the allotted time period has elapsed due to the People’s failure to submit a facially sufficient accusatory instrument.
Pursuant to CPL 100.15 (3) and 100.40, to be facially sufficient, an accusatory instrument must allege " 'facts of an evidentiary character’ ” supporting or tending to support the charges which demonstrate " 'reasonable cause’ to believe the defendant committed the [offense] charged”. (See, People v Dumas, 68 NY2d 729, 731 [1986]; People v Alejandro, 70 NY2d 133 [1987].) Additionally, the accusatory instrument together with any accompanying supporting deposition must provide nonhearsay, factual allegations which, if true, establish each and every element of the offense charged. (CPL 100.40 [1] [c].)
The factual portion of the accusatory instrument under which defendant is charged states:
"Deponent states, upon information and belief, that at the *865 above time and place, the source of which is the supporting deposition being filed with this instrument, the above-named defendant was arrested for the offense of aggravated unlicensed operation of a vehicle. The vehicle was a 1985, Buick, vehicle identification number (VIN) 1G4BN3747FH817446. Specifically, informant P.O. Landol observed the defendant operating a motor vehicle in that the defendant was sitting behind the steering wheel of the above-described vehicle, which was moving on the above-described street, a public highway.
"Deponent is further informed by informant, that informant obtained and read a teletype printout of the New York State Department of Motor Vehicles, whose computers are tied into our police computer for the purpose of obtaining records, which records were made and obtained in the regular course of business and which are regularly made in the course of business within a reasonable time after the event or occurrence, and said records show that the defendant’s license to operate a motor vehicle was suspended or revoked in that the defendant had in effect ten or more suspensions on at least ten separate dates for failure to answer, appear, or pay a fine.
"Deponent is further informed by informant that informant’s basis for believing that the defendant knew or had reason to know that his/her license was suspended or revoked is as follows: The defendant was unable to produce a valid license. The defendant stated, in sum and substance, that he/ she did not have a driver’s license. The above DMV records revealed that defendant’s license was suspended for failure to answer a traffic summons, and all summons have printed on them '[i]f you do not answer this ticket by mail within fifteen (15) days, your license will be suspended.’ The suspension occurs automatically (by computer) within 4 weeks of the defendant’s failure to answer.”
A person is guilty of aggravated unlicensed operation of a motor vehicle in the second degree pursuant to Vehicle and Traffic Law § 511 (2) (a) (iv) when such person operates a motor vehicle upon a public highway while knowing or having reason to know that such person’s license or privilege of operating such motor vehicle in this State or privilege of obtaining a license to operate such motor vehicle issued by the Commissioner is suspended, revoked or otherwise withdrawn by the Commissioner and such person has in effect three or more suspensions imposed on at least three separate dates.
*866 Thus, in order to establish a violation of Vehicle and Traffic Law § 511 (2) (a) (iv), the People need only show that the requisite number of suspensions are in effect and defendant knew or had reason to know that the suspensions existed.
In addition to the accusatory instrument, the People have provided a supporting deposition of Police Officer Milagros Landol; a certified copy of the Department of Motor Vehicles (DMV) abstract of defendant’s driving record which shows that defendant’s license to operate a motor vehicle in this State was suspended at least three times, on at least three separate dates; a certified copy of an order of suspension of defendant’s driver’s license dated June 25, 1994, effective July 11, 1994; five notices of conviction and license suspension addressed to defendant which show that defendant’s license to operate a motor vehicle in this State was suspended for at least five separate violations, on at least five separate dates prior to his arrest in the instant action and each notice bears the official seal of the DMV; and a notarized affidavit of regularity/proof of mailing from the records manager in the Public Service Bureau of the DMV, indicating that upon information and belief the notices of conviction and license suspension were processed and mailed to the defendant.
Defendant challenges the facial sufficiency of the accusatory instrument and supporting documents on two grounds. First, defendant contends that they fail to establish that he is the same Hector Garcia named in the DMV abstract. In support of this argument, defendant cites the case of People v Van Buren (82 NY2d 878 [1993]), in which a certificate of conviction introduced at trial for the purpose of establishing that a defendant committed the felony of driving while intoxicated was found to be insufficient prima facie proof that the person named in such certificate was indeed the defendant, Van Burén.
The Van Buren decision (supra), however, concerned the standard of proof at the trial stage of a proceeding as opposed to the more lenient standard of proof required at the pleading stage of a criminal proceeding. Therefore, this court finds that People v Van Burén (supra) is not relevant to the instant matter and defendant’s argument is without merit.
As the Assistant District Attorney points out in her answering affirmation, the address on the license suspension order is the same as the address given by defendant to the police and criminal justice agency when he was arrested and *867 the date of birth recorded on the DMV abstract is the same as defendant’s birth date. This is sufficient, at this stage of the proceeding, to establish reasonable cause to believe that defendant is the same Hector Garcia named in the DMV documents.
Second, defendant argues that the People have failed to establish through nonhearsay allegations that at the time of his arrest there existed three or more effective suspensions of his license to operate a motor vehicle. Defendant claims that the only proof submitted to establish the existence of the alleged suspensions is the DMV abstract. He argues that the abstract is hearsay and since Police Officer Landol is not an employee of the DMV, his supporting deposition cannot be used to establish that the abstract is a business record of the DMV and, therefore, he cannot establish it is an exception to hearsay under CPLR 4518 (a).
Defendant’s argument is off the mark. First, the DMV abstract is not a business record, rather it is an official government document which is under official seal and subscribed by the Commissioner of Motor Vehicles. As such, it is readily admissible pursuant to CPLR 4540.
Second, CPLR 4518 (a) is a rule governing the admission of evidence at trial, however, the issue here is the conversion of a misdemeanor complaint to an information at the pretrial stages of a proceeding. In order to properly convert the instant complaint to an information, the People must corroborate the hearsay allegations with respect to the suspension of defendant’s license. This can be accomplished by filing and serving a certified copy of defendant’s DMV abstract[1] and that is the purpose for which the certified copy of the DMV abstract has been filed in the instant matter. In addition to the abstracts, the People have also provided copies of five notices of conviction and license suspension addressed to the defendant and an affidavit of regularity/proof of mailing regarding the notices.[2]
The notices establish that on at least five dates prior to the date of defendant’s arrest on the instant charge, his driver’s license was suspended. Additionally, the notarized affidavit of regularity/proof of mailing, signed by the DMV records man *868 ager, explains the procedures by which the documents are created, stored and mailed and establishes that the notices were mailed to the defendant. These documents together with the computer generated abstracts are sufficient to meet the pleading requirements of CPL 100.40 (1) (c) and, therefore, the accusatory instrument is facially sufficient and was properly converted to an information within the statutorily required time. Accordingly, defendant’s speedy trial motion is denied.
SUPPRESSION
Defendant’s application for an order suppressing statements made by him is granted to the extent that a Huntley hearing is granted.
Defendant’s application to suppress evidence that his privilege to drive was revoked is granted to the extent that a Mapp/Dunaway hearing is granted.
Defendant’s Sandoval motion is referred to the trial court.
ADDITIONAL MOTIONS
Defendant is granted leave to file additional motions within the statutory period.

. See, People v Smith, NYLJ, Aug. 16,1994, at 25, col 6.

. The People need only have filed the affidavit of regularity/proof of mailing and the DMV abstract in order to convert the complaint to an information.