OPINION OF THE COURT
Douglas Wong, J.
Defendant, pro se, moves to dismiss the information "on the ground that the police officers’ arrest and arraignment of defendant was erroneous and false application of the relevant laws”. Defendant is charged with theft of services (Penal Law § 165.15 [2]) in that it is alleged in the information that the defendant "did order and consume two hundred and seventy three dollars worth of alcoholic beverages (receipt: Voucher #03511412) and did refuse to pay for said beverages. Deponent *599 is further informed by complainant, that the defendant did not have permission or authority to order and consume aforementioned alcoholic beverages from said bar, without paying for said beverages.” Subdivision (2) of Penal Law § 165.15 states: "With intent to avoid payment for restaurant services rendered, or for services rendered to him as a transient guest at a hotel, motel, inn, tourist cabin, rooming house or comparable establishment, he avoids or attempts to avoid such payment by unjustifiable failure or refusal to pay, by stealth, or by any misrepresentation of fact which he knows to be false. A person who fails or refuses to pay for such services is presumed to have intended to avoid payment therefor”.
The crux of the defendant’s argument is that alcoholic beverages are not covered under the restaurant services in the statute. Defendant cites People v Klas (79 Misc 452 [Onondaga County Ct 1913]). This case states that "[t]he statute, which it is claimed the defendant violated, only protects a hotel keeper for lodging, food and accommodations furnished, and in so far as the bar bill is for liquors no recovery can be had therefor” (supra, at 456).
The issue is whether the restaurant services in the statute cover alcoholic beverages. It appears from the defendant’s arguments and a reading of the statute that the alcoholic beverages are not restaurant services in that a bar is not necessarily a restaurant. The People have responded by simply stating some facts and not addressing the defendant’s legal arguments.
Accordingly, the accusatory instrument is defective in that it does not support every element of the offense charged (CPL 170.30 [1] [a]; 170.35 [1] [a]; 100.40 [1]; see also, People v Alejandro, 70 NY2d 133). Therefore, the information is dismissed. The execution of this order is stayed until September 6, 1996 in order to give the People an opportunity to research this issue and either make a motion to reargue or to file a proper accusatory instrument.