OPINION OF THE COURT
Suzanne M. Mondo, J.
Defendant George McDonald is charged with one count of theft of services, in violation of Penal Law § 165.15 (2), for ordering and drinking alcoholic beverages at the Hotel Pierre, but leaving without paying his bill. The defendant moves to dismiss for facial insufficiency. Initially, the People opposed the motion and cross-moved to amend the complaint to add a *480 charge of petit larceny, pursuant to Penal Law § 155.25. Subsequently, the People filed a superseding information.
The original accusatory instrument alleges that the deponent, Police Officer Dominick Giovanniello, “is informed by William McCarthy, a Security Guard at the Pierre Hotel, that (i) defendant came into the Pierre Hotel bar, ordered alcoholic beverages, drank them, and left without paying the bill ($126.33),[1] and (ii) that the defendant was not authorized to drink without paying.” No corroborating affidavit by McCarthy has been filed.
Citing two cases, People v Sei Young Choi (170 Misc 2d 598 [Crim Ct, Queens County 1996]) and People v Klas (79 Misc 452 [Onondaga County Ct 1913]), the defendant argues that the accusatory instrument must be dismissed because alcoholic beverages are not covered by the theft of services statute. The People contend that the alcoholic beverages in the instant case are covered by Penal Law § 165.15 (2) because “the bar at the Pierre Hotel is part of the hotel’s restaurant, the Cafe Pierre. As such, the defendant’s consumption of alcoholic beverages [was] part of the restaurant services at the hotel.”
In his reply affirmation, the defendant counters that the People’s statements about the bar should not be given credence because they are not based upon personal knowledge, but upon information and belief. The defendant also contends that the accusatory instrument is not an information, but a misdemeanor complaint, which has never been converted to an information. Because it is not an information, the defendant argues, there is no authority to amend the accusatory instrument.
Apparently in response to the latter two arguments, the People have filed a superseding information. The superseding information states that the deponent is Katherine Defontaine, who was the manager of the Pierre Hotel at the time of the incident in question. The information further states:
“(ii) that deponent observed defendant inside the Cafe Pierre which is inside the Hotel Pierre; (iii) that the Cafe Pierre is a restaurant in that it serves both food and alcoholic beverages; (iv) that there is a bar located within the Cafe Pierre; and (v) that said bar is a part of the Cafe Pierre in that it occupies a portion of the Cafe Pierre and that the entrances used to gain access to the bar area are the same as the entrances used to enter the Cafe Pierre * * *
*481 “[D]eponent (i) observed defendant inside the Cafe Pierre and (ii) observed defendant order alcoholic beverages. Deponent states that the bill for said alcoholic beverages totaled $126.33 and that defendant refused to pay for said bill.”
The defendant correctly argues that the People cannot amend a misdemeanor complaint. (See, CPL 100.45 [3].) However, CPL 100.50 provides that a superseding information may be filed at any time prior to the entry of a guilty plea or the commencement of trial. Thus, it “is proper to file a superseding information in response to a defense motion to dismiss the original instrument for insufficiency.” (People v Cibro Oceana Term. Corp., 148 Misc 2d 149, 151.) Therefore, the People had the right to file a superseding information in this case. The issue then becomes the facial sufficiency of the superseding information, i.e., whether the defendant’s alleged failure or refusal to pay for the alcoholic beverages in question constitutes theft of services.
Penal Law § 165.15 (2) provides that a person commits theft of services when: “With intent to avoid payment for restaurant services rendered, or for services rendered to him as a transient guest at a hotel, motel, inn, tourist cabin, rooming house or comparable establishment, he avoids or attempts to avoid such payment by unjustifiable failure or refusal to pay, by stealth, or by any misrepresentation of fact which he knows to be false. A person who fails or refuses to pay for such services is presumed to have intended to avoid payment therefor”.
“[A]rticle 165 of the Penal Law was specifically enacted to address theft offenses that the Legislature determined could not be prosecuted as larcenies.” (People v Pratt, 164 Misc 2d 498, 503 [Grim Ct, NY County 1995] [emphasis in original].) Because “a ‘service’ * * * is generally not considered ‘property,’ and a theft of a service would not therefore constitute larceny”, Penal Law § 165.15 was designed to proscribe such thefts. (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 165.15, at 425.) However, it is possible for larceny and theft of services charges to overlap. (People v Topino, 151 Misc 2d 764, 768 [Sup Ct, Queens County 1991].) “This type of situation arises when the perpetrator steals both a service and an actual commodity.” (Supra, at 768.)[2]
Subdivision (2) of Penal Law § 165.15 is derived from Penal Law of 1909 § 925. (Donnino, Practice Commentary, op. cit., at *482 426.) The only reported decision to address the issue of whether failure to pay for alcoholic beverages constitutes a violation of Penal Law of 1909 § 925 is People v Klas (79 Misc 452 [Onondaga County Ct 1913], supra). There the defendant, who had been the complainant’s boarder, left the premises, after a fight with the landlord, without paying the balance of his bill. The court reversed the conviction, in part, because the bill represented “what is known in ordinary parlance as a bar bill as well as the defendant’s board.” (Supra, at 455.) The court reasoned, “The statute, which it is claimed the defendant violated, only protects a hotel keeper for lodging, food and accommodations furnished, and in so far as the bar bill is for liquors no recovery can be had therefor.” (Supra, at 456.)
The reasoning of Klas (supra) is not controlling in interpreting Penal Law § 165.15 (2), however. Penal Law of 1909 § 925, captioned “Frauds on hotel-keepers”, provided: “A person who obtains any lodging, food or accommodation at a hotel, inn, boarding-house or lodging-house, except an immigrant lodging-house, without paying therefor, with intent to defraud the proprietor thereof or his agent or servant; or who obtains credit at such hotel, inn, boarding-house or lodging-house, by the use of any false pretense; or who, after obtaining credit or accommodation at such hotel, inn, boarding-house or lodging-house, causes to be removed from such hotel, inn, boarding-house or lodging-house his baggage without the permission or consent of the proprietor, manager or authorized employee thereof before paying for his lodging, food or accommodation, and with the intention of not paying therefor, is guilty of a misdemeanor.”
The Commission Staff Notes of the Temporary State Commission on Revision of the Penal Law and Criminal Code
*483 4 explained that Penal Law § 165.15 (2) “restates the proscriptions of existing Penal Law § 925 but expands the offense to include thefts and payment-avoidance of restaurant services as well as of those provided by hotels, inns and the like.” (Commn Staff Notes, reprinted in Proposed NY Penal Law [Study Bill, 1964 Senate Int 3918, Assembly Int 5376] § 170.20, at 356.) Thus, Penal Law § 165.15 (2) proscribes thefts of restaurant services, as well as thefts of lodging services. Moreover, the lodging services that were covered by the former provision were limited to those services that were enumerated, whereas Penal Law § 165.15 (2) includes all lodging and restaurant services.[3]
People v Sei Young Choi (170 Misc 2d 598 [Crim Ct, Queens County 1996], supra) is the only reported decision interpreting Penal Law § 165.15 (2) in the context of a refusal to pay for alcoholic beverages. In Choi, the information alleged that the defendant ordered and consumed alcoholic beverages in a bar, but refused to pay the bill of $273. The defendant, proceeding pro se, cited the 1913 Klas decision (supra) to argue that alcoholic beverages do not constitute restaurant services. The court stated that the issue was “whether the restaurant services in the statute [Penal Law § 165.15 (2)] cover alcoholic beverages.” (Supra, at 599.) However, in dismissing the accusatory instrument, the court’s holding was narrower than the issue it posed. The court stated: “It appears from the defendant’s arguments and a reading of the statute[4] that the alcoholic beverages are not restaurant services in that a bar is not necessarily a restaurant.” (Supra, at 599.) Thus, Choi did not hold that a defendant can never be prosecuted for theft of services for refusing to pay for alcoholic beverages. As interpreted by the Practice Commentator, the Choi court “held that restaurant services do not include alcoholic beverages received and consumed at a bar”. (Donnino, Practice Commentary, op. cit., at 426.)
The People allege that the bar from which defendant McDonald ordered the alcoholic beverages “is a part of the Cafe Pierre”, which is a restaurant that serves food and alcoholic *484 beverages.[5] In other contexts, courts have held that bars that also serve food are restaurants. (See, e.g., Matter of Point Lookout Civic Assn., 94 AD2d 744, 745 [2d Dept 1983] [affirming determination of the Zoning Board of the Town of Hemp-stead, which found that a proposed tavern “with a light food menu” came within the meaning of the term restaurant]; Matter of 54 Cafe & Rest., 274 App Div 428, 431 [1st Dept 1948], affd 298 NY 883 [1949] [reversing the determination of the State Liquor Authority that petitioner was not conducting a bona fide restaurant within the provisions of the Alcoholic Beverage Control Law where “food sales approximated more than 12% of the total liquor sales”]; see also, People v Kupas, 171 Mise 480 [Ct Spec Sess, Queens County 1939] [holding that a truck serving only frankfurters and coffee was a restaurant pursuant to the Sanitary Code, although food was not consumed within the vehicle].)
If the alcoholic beverages herein were served to the defendant in a restaurant, then they constituted restaurant services, as provided by Penal Law § 165.15 (2). For the purposes of facial sufficiency, the instant allegations that the bar is part of a restaurant suffice. (See, People v Alejandro, 70 NY2d 133, 137 [1987] [a facially sufficient information must meet the requirements of a prima facie case].)
Accordingly, the defendant’s motion to dismiss the charge of theft of services is denied. The People’s motion to amend the complaint is denied as moot.

. According to the bill, which is attached as an exhibit to the defendant’s reply affirmation, the defendant ordered three glasses of Louis Roederer, three glasses of Les Tourelles, and two glasses of Cutrer.

. Penal Law § 155.00 (1), the definitional section for larceny offenses, defines property as, inter alia, “any article, substance or thing of value”. The Court of Appeals has held, e.g., that the right of tenants to occupy and pos *482 sess an apartment is property. (See, People v Garland, 69 NY2d 144, 147 [1987].) Thus, alcoholic beverages can be property.
However, larceny requires a wrongful taking, obtaining or withholding of another’s property with an intent to deprive the other of the property or to appropriate the property. (Penal Law § 155.05 [1], [2].) The property must be obtained in one of several specified ways (e.g., by false pretenses, false promise, or extortion). (Penal Law § 155.05 [2].) Because the beverages were voluntarily given to the defendant when he ordered them, proof of his wrongful intent may be problematic to prove. For example, if the People allege that he committed larceny by false promise, they must prove that, at the time the defendant ordered the drinks he represented that he would pay for them, but, in actuality, at that moment he never intended to pay. The defendant’s intention not to perform his promise to pay “may not be established by or inferred from the fact alone that such promise was not performed.” (Penal Law § 155.05 [2] [d].) The theft of services statute, on the other hand, contains a presumption that the patron intended to avoid payment.

. The bill indicates that the alcoholic beverages were purchased from the “Cafe Pierre Lounge” in the Pierre Hotel.

. The statute does not define those terms. (Donnino, Practice Commentary, op. cit., at 426.)

. Apparently there was no input from the People. The court commented that “[t]he People have responded by simply stating some facts and not addressing the defendant’s legal arguments.” (170 Misc 2d, supra, at 599.)