OPINION OF THE COURT
Charles J. Markey, J.
Defendant Filomena Mascali and another defendant, Oscar Gonzalez, charged on a separate docket number (2001QN012193), by a misdemeanor information dated February 8, 2001, were accused of endangering the welfare of a child (Penal Law § 260.10), in that Mr. Gonzalez, acting as the operator of a school bus, and Ms. Mascali, acting as the matron of the school bus, allegedly failed to detect that a child was still *550 in the bus, asleep when the bus arrived and was parked at a depot.
Defendant Gonzalez moved to dismiss the complaint, by motion filed on August 27, 2001, alleging that his statutory right to a speedy trial was violated. (See, CPL 30.30.) This court, by decision dated September 17, 2001, granted defendant Gonzalez’s motion. Defendant Mascali, by motion filed June 27, 2001, moves for the same relief.
The court arraigned defendant Mascali on March 14, 2001. The court adjourned the case to April 17. On April 17, the court informed the parties that the information was improper and permitted the People until May 15 to redraft the information. On May 15, the People announced that they were still not ready. The court adjourned the case to June 14.
On June 12, the 90th day after the commencement of this criminal action, the People alleged that they had served upon defense counsel for Gonzalez a superseding complaint. The superseding complaint, however, that had been served upon Gonzalez’s counsel, named a different defendant and a different docket number. Similarly, the People served upon Mascali’s defense counsel a superseding complaint involving Gonzalez, but failed to serve a corroborating affidavit or superseding complaint for defendant Mascali.
Two days later, on June 14, 2001, the Assistant District Attorney recognized his mistake and served upon defense counsel for Mascali a corrected copy of the superseding complaint and filed it with the court. June 14, however, represents the 92nd day after the commencement of this criminal matter and hence runs afoul of the provisions of CPL 30.30.
Although the Office of the District Attorney mistakenly served upon the two defendants the set of papers intended for the other, the court cannot remedy the errors of the People. Whether mistakes are caused by prosecutorial laxity, ministerial error or sheer inadvertence, the weighty interests embodied by CPL 30.30 cannot tolerate such lapses, no matter how well-intentioned the prosecutor may be. (See, People v McGrath, 223 AD2d 759 [3d Dept 1996]; People v Yakubiv, NYLJ, Aug. 12, 1994, at 25, col 6 [Sup Ct, Kings County]; People v Harper, 137 Misc 2d 357 [Crim Ct, NY County 1987].)
Under applicable law, a misdemeanor complaint does not become an accusatory instrument until (1) a supporting deposition is filed or (2) the defendant is arraigned on the superseding instrument. (See, People v Rubiano, 185 Misc 2d 307 [Crim *551 Ct, Kings County]; People v Davino, 173 Misc 2d. 410 [Crim Ct, Kings County].)
Defendant Mascali’s motion to dismiss on grounds of CPL 30.30 is granted, and the complaint is hereby dismissed.