OPINION OF THE COURT
Susan T. Kluewer, J.
Defendant’s motion to dismiss count one of the accusatory instrument pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) is denied. The People are granted leave to cure the defects in count one of the presently filed accusatory instrument, provided they do so by a date to be fixed by the judge presiding in Criminal Term Part 12.
Defendant is accused, by what is labeled a “District Court Information,” of violating Vehicle and Traffic Law § 511 (2) (a) (iv) (aggravated unlicensed operation of a motor vehicle in the second degree). He is also accused, by simplified traffic informations joined under this docket, of violating Vehicle and Traffic Law § 1180 (c) (speeding in a school zone) and § 1102 (failing to obey a police officer). All offenses allegedly occurred on April 20, *335 2001 (a Friday), at approximately 10:40 a.m. at “Broadway & Mann” in Lawrence, New York. Defendant here challenges the facial sufficiency only of the count charging him with aggravated unlicensed operation of a motor vehicle in the second degree, the elements of which are (a) operating a motor vehicle on a public highway (b) with actual or imputed knowledge that one’s license is suspended or revoked and (c) at a time when there are in effect three or more suspension orders issued by the Commissioner of Motor Vehicles on three different dates. This case has been pending for over two years, although, for a little over one year of that time, defendant was in warrant status. Defendant’s appearance was waived upon the making of this motion, and it has been waived throughout its pendency.
By the factual part of the challenged “District Court Information” (see CPL 100.15 [3]), Police Officer James Watson attests that he observed defendant operating his vehicle in a school zone at 48 miles per hour and that defendant “was operating this vehicle with a suspended license with four suspensions on 3 dates, last suspension dated 01-02-99, order #A981204, verified through Highway HQ DMV check.” According to an annexed “supporting deposition/bill of particulars” that is made by Officer Watson under a notice that advises that false statements are punishable as a class A misdemeanor, defendant admitted to Officer Watson at the site of the arrest that “I know I got a suspended license. I’m in the process of trying to fix it.” Officer Watson also by this sworn document attests that he conducted a “computer check” of the records of the New York State Department of Motor Vehicles “whose business it is to make such records and which records are made and maintained in the regular course of business within a reasonable time after the event occurred” and that he conducted the check by “department radio” and “at station house terminal.” He further attests that those records reveal, insofar as is here pertinent, that, at the time of the offenses, defendant’s license was suspended and that “defendant has in effect three or more suspensions imposed on at least three separate dates for failure to appear, answer or pay a fine.” While it is obvious from the accusatory instrument that Officer Watson is a police officer, nowhere does Officer Watson actually attest to what he does for a living, who his employer is, or what his employer does.
Ignoring the direct attestation concerning defendant’s admission that he knew his license was suspended, defendant asserts in support of his motion that, in contravention of the require *336 ments of CPL 100.15 and 100.40, the long form information and its annexed supporting deposition fail to contain nonhearsay allegations demonstrating that (a) any suspension order was in effect on April 20, 2001, and (b) that he knew or had reason to know that his license was suspended. He urges that each of these elements must be supported by actual, and properly certified, Department of Motor Vehicles records (see CPLR 4518 [c]; see also CPLR 4520, 4540).
The People in opposition appear, as they have cavalierly done on various motions made before me in other cases, by a “Law Assistant” who does not set forth the authority by which he purports to engage in the practice of law. Through him, they posit that defendant’s motion is “moot” because they “are filing” with the court certified copies of defendant’s driving abstract, affidavits concerning the procedures for the mailing of notices of suspension (see Vehicle and Traffic Law § 214), and the notices of license suspension. They also posit that the “District Court Information will be sufficient” when these documents are “annexed and affixed” on “the next court date.” The People make no cross motion (but see CPL 170.35 [1] [a]), and instead announce they “will move” on the next court date to “amend” the District Court information, even as they refer to provisions of the Criminal Procedure Law governing conversion of misdemeanor complaints to informations (see CPL 100.50, 170.65). They do annex copies of the Department of Motor Vehicles documents they apparently intend to file, one of which is totally illegible. Those that are legible demonstrate, among other things, that defendant’s license was the subject of a revocation order dated January 2, 1999 and six suspension orders issued on five dates; that the revocation order and four of the suspension orders — issued on three separate dates — were in effect on April 20, 2001; and that defendant was notified of three suspension orders issued on two dates. No originals of these documents are separately contained in the court file, and there is absolutely no indication that the People actually did file the documents that they assert will, when “annexed and affixed,” render the District Court information sufficient.
Defendant in reply posits that, where, as here, a motion to dismiss an accusatory instrument for facial insufficiency is pending, the People are precluded from taking steps to cure any defect and are instead relegated to commencing a new action with a “superseding” information. Defendant also addresses perceived inadequacies in the Department of Motor Vehicles rec *337 ords, most notably that one document is illegible and that the legible documents fail to establish defendant’s knowledge of each order of suspension. In the process, he treats the People’s opposition as if it "include[s] ... a motion to amend the accusatory instrument” (cf. CPLR 2215) and he prays that the court “deny the relief requested by the People[ ].”
Turning first to defendant’s contention that the present information fails to contain nonhearsay allegations supporting every element of the offense charged as required by CPL 100.40 (1) (c) (see e.g. People v Carlsons, 171 Misc 2d 943 [Sup Ct, Nassau County 1997, Ort, J.]; People v Pierre, 157 Misc 2d 812 [Crim Ct, NY County 1993, Madden, J.]), it is my view that defendant’s admission that “I know I got a suspended license” to which Officer Watson attests is a nonhearsay allegation that adequately supports the element that defendant knew his license was suspended (see People v Casey, 95 NY2d 354 [2000]; cf. People v Pierre, supra; and see People v Heller, 180 Misc 2d 160 [Crim Ct, NY County 1998, Billings, J.]), particularly since the People need not establish knowledge of each order of suspension that must otherwise support a judgment of conviction in this case (see Vehicle and Traffic Law § 511 [2] [a] [iv]; see also People v Pabon, 167 Misc 2d 214 [Crim Ct, Bronx County 1995, Soto, J.]; but cf. People v Garcia, 163 Misc 2d 862 [Crim Ct, Bronx County 1995, Webber, J.]). Because, however, a misdemeanor information must, in effect, demonstrate the existence of a prima facie case against the defendant (see People v Belcher, 302 NY 529 [1951]), I conclude that defendant’s admission that he knew his license was suspended is inadequate, both as a non-hearsay prima facie demonstration that his license actually was suspended (cf. CPL 60.50; People v Dolan, 1 Misc 3d 32 [App Term, 1st Dept 2003]; People v Kaminiski, 143 Misc 2d 1089 [Crim Ct, NY County 1989, Beeler, J.]), and, more importantly, that there were in effect at least three suspension orders issued on three different dates.
I recognize there is authority for the proposition that a police officer’s direct attestations as to the actual status of a person’s driver’s license, and any suspension orders that are based on electronic review of Department of Motor Vehicles records via police department computer come within the business record and public record exceptions to the antihearsay rule as it pertains to informations (see People v Etienne, 192 Misc 2d 90 [Nassau Dist Ct 2002, Sher, J.]). But, under the limited rule permitting an employee of one entity to certify the accuracy of *338 the business or public records of another entity, the certifying individual must attest to such items as familiarity with the circumstances under which the record is prepared, that the reviewed records were prepared for the certifying entity, that the standards for maintaining the records conform with known statutory and regulatory requirements, and that the records are routinely relied on by the certifying entity in making the determinations it is required to make (see People v Cratsley, 86 NY2d 81 [1995]; People v DiSalvo, 284 AD2d 547 [2d Dept 2001]; People v Markowitz, 187 Misc 2d 266 [Sup Ct, Richmond County 2001, Rooney, J.]). Moreover, implicit in the application of this limited rule is the requirement that the records about which the certifying individual attests actually be produced (cf. id.). In this case, Officer Watson makes none of the attestations that trigger the limited rule. Indeed, instead of producing the actual records he purports to certify as if he were an employee of the Department of Motor Vehicles charged with custody of its records, he sets forth, both in the “District Court Information” and the supporting deposition, his hearsay interpretation of those records, which interpretation, albeit in a minor, irrelevant detail, is at variance with the copies of the records the People finally produced in response to this motion. Given these flaws, I agree with defendant, as the People apparently do, that count one of the presently filed accusatory instrument is defective insofar as it fails to contain nonhearsay allegations demonstrating that defendant’s license was suspended on April 20, 2001 and that on that date there were in effect at least three suspension orders issued on three different dates. The question thus becomes whether dismissal is now required.
I do not agree with defendant that, upon the making of a motion to dismiss an accusatory instrument for facial insufficiency, the People must either demonstrate that the challenged instrument is sufficient or commence a new action premised on a curative accusatory instrument (see, e.g. CPL 100.05, 100.50 [1], [3]; 170.65; and see People v McDonald, 179 Misc 2d 479 [Grim Ct, NY County 1999, Mundo, J.]; People v Cibro Oceana Term. Corp., 148 Misc 2d 149 [Crim Ct, Bronx County 1990, Tallmer, J.]; cf. People v Casey, supra). Indeed, the Legislature has contemplated that more than one accusatory instrument may be filed in the course of a criminal prosecution (see CPL 1.20 [16], [17]; 100.05). It has also set forth procedures for converting misdemeanor complaints to or replacing them with misdemeanor informations (see CPL 100.50 [3]; 170.65), just as *339 it allows the People to supersede one information with another, provided they do so prior to commencement of trial on, or entry of a plea of guilty to, the superseded information (CPL 100.50 [1]). Moreover, the filing of a superseding information has been judicially recognized as a proper response to a motion to dismiss an information for facial insufficiency (see People v McDonald, supra; People v Cibro Oceana Term. Corp., supra). Furthermore, the Court of Appeals has made clear that hearsay defects of the sort defendant now complains about are “readily curable” ones (People v Casey, supra at 361). The Court of Appeals has also all but held that a hearsay defect in an information is curable by amendment “ ‘where the people move to so amend’ ” (id. at 367 [citation omitted]; see also CPL 170.35 [1]). The People are thus armed with tools, some of them relatively simple to use, for insuring that a particular criminal prosecution, however inartfully commenced, is supported by an adequate, trial-ready accusatory instrument. Under the circumstances of this case, and although just barely, I conclude the People have made sufficient use of these tools so as to withstand defendant’s present motion to dismiss.
In order to properly convert a misdemeanor complaint to an information (see CPL 170.65), the documents containing the nonhearsay allegations required of an information that supplement the hearsay allegations permissible in a misdemeanor complaint must actually be filed with the court (cf. CPL 100.50 [3]; see also People v Mascali, 189 Misc 2d 549 [Grim Ct, Queens County 2001, Markey, J.]; People v Quiles, 179 Misc 2d 59 [Grim Ct, NY County 1998, Billings, J.]; People v Garcia, supra; cf. People v Miniero, 179 Misc 2d 830 [Grim Ct, Kings County 1999, Posner, J.]). Effective supersedure similarly requires the actual filing of the superseding document (see CPL 100.50; see also People v Mascali, supra; cf. People v McDonald, supra; People v Cibro Oceana Term. Corp., supra). And amendment of a local criminal court accusatory instrument requires, at the very least, the affirmative act of making a motion for that relief (see CPL 170.35 [1] [a]; People v Casey, supra).
The People have formally taken none of these steps. They have, however, come forward with at least a copy of what appears to be a properly certified Department of Motor Vehicles document (see e.g. People v Sikorski, 280 AD2d 414 [1st Dept 2001] ; People v Smith, 258 AD2d 245 [4th Dept 1999]; cf. People v Azpuru, 2002 NY Slip Op 50341 [U] [Crim Ct, NY County 2002] ) demonstrating that defendant’s license was in fact *340 suspended on April 20, 2001, and that, on that date, there were in effect at least three suspension orders issued on three different dates. They have thus also demonstrated that the hearsay defects in the present information are “readily curable” (People v Casey, supra). Inasmuch as defendant has responded to the People’s opposition as if it were interposed in the context of a formal cross motion, and inasmuch as there is authority for denial of a motion to dismiss so as to afford the People time to cure, even in the absence of a motion or cross motion to, e.g., amend (see People v Cobb, 2 Misc 3d 237 [Crim Ct, Queens County 2003, Zayas, J.]; People v Romano, 188 Misc 2d 368 [Crim Ct, Queens County 2001, Modica, J.]; cf. People v Pierre, supra; but see CPL 170.30 [1] [a]), I hereby deem the People’s opposition a properly noticed cross motion for leave to amend or otherwise cure, which leave, as noted above, I grant them. Since defendant is scheduled in any event to appear in this court several days hence, the appropriate time by which the People must file the documents they deem necessary to cure the defects in count one of the accusatory instrument should be fixed after both sides have had an opportunity to be heard on this limited issue.